**AMERICAN FIDELITY & CASUALTY CO., Inc., OF RICHMOND, VA., et al. v. BENNETT.**

No. 27389.   Oct. 5, 1937.

Rehearing Denied Feb. 8, 1938.

Welcome D. Pierson and George F. Short, for plaintiffs in error.

Ben F. Williams, Homer Cowan, and T. R. Benedum, for defendant in error.

CORN, J.   This action was commenced in the district court of Oklahoma county by Blanche Bennett, as plaintiff, against the American Fidelity & Casualty Company, and E. B. Clanton and B. H. Clanton, a partnership, doing business under the style and firm name of Southwestern Motor Carriers, as defendants, for personal injuries sustained by the plaintiff by reason of the negligence of said motor carriers while said plaintiff was a passenger on a bus operated by said carriers.   The above-named insurance company was the insurance carrier for said motor carrier and was made a party defendant in the action.   The cause was tried to a jury and resulted in a verdict in the sum of $3,000 in favor of the plaintiff and against the defendants, from which said verdict and the judgment of the court thereon the defendants appealed.

The plaintiff in error first contends:

"That the trial court erred in permitting the defendant, American Fidelity & Casualty Company, to be made and to remain a party defendant in this cause of action over the objection of all defendants."

Under this assignment of error the plaintiff in error contends that the plaintiff below was not entitled to join the insurance company as a party defendant or to prosecute an action against such insurance company until she had first procured judgment against the motor carriers.

In the case of Enders v. Longmire, 179 Okla. 633, 67 P. (2d) 12, this court passed upon that question holding, as set out in the first paragraph of the syllabus, as follows:

"A joint action may be maintained against a motor carrier and his liability insurance bondsman, under the provisions of section 3708, O. S. 1931, as amended by section 4, chapter 156, of the Act of the Legislature approved April 12, 1933, and it is not necessary that the cause of action against them be divided and the liability of each set out in separate counts."

Under said assignment of error it is also contended that there was a misjoinder of

causes of action, the one against the insurance company being ex contractu and the one against the motor carriers being ex delicto. This contention is also settled by the case of Enders v. Longmire, supra, paragraph 2 of the syllabus of said case holding as follows:

"Under the above statutes, a motor carrier and his liability insurance bondsman are jointly liable to make compensation for injuries to persons resulting from the operations of such motor carrier, the liability being created by statute, and such an injury constitutes one cause of action against the joint defendants, and not a separate cause of action against each of them."

Earlier decisions of this court involving the foregoing questions are discussed in Enders v. Longmire, supra, and said questions are so well settled as to admit of no further consideration by this court.

Next the plaintiff in error complains:

"That the trial court erred in admitting evidence to the effect that plaintiff had sustained a retroversion and subinvolution of the uterus and other special injuries as a result of the accident when no such injuries were alleged in plaintiff's petition."

It is contended that the plaintiff's petition makes no reference to a retroflexion, or subinvolution of the uterus, nor to a sacroiliac sprain of the left side, nor pain along the left lumbar vertebrae, as the physician was permitted to testify. The position is taken that all of this testimony related to special injuries and damages concerning which plaintiff below was not entitled to introduce testimony unless she had specifically alleged these injuries in her petition.

The language used in the petition to describe said injuries is as follows:

"Which threw the plaintiff violently and with great and sudden impact down against the floor, and against the ends of the seats in said bus, twisting and springing, bumping and bruising her left knee, wrenching, straining, bruising and fracturing her back and head, tearing her internal organs around her uterus and neck, and severely shocking her whole nervous system, and tearing muscles loose in her knee and abdomen and neck, and from each and every one of said injuries, or either of them, plaintiff has suffered great and excruciating physical pain and mental anguish ever since said time; that plaintiff was pregnant with child at said time, and the extreme strain and nervous shock caused her to have a miscarriage; that said negligence of the defendants was the direct and proximate cause of the death and destruction of plaintiff's unborn baby; all of which has greatly mortified plaintiff and aggravated her pain and suffering; and each of said injuries and/or several of them rendered the plaintiff a permanent cripple in her left leg, and have so weakened the plaintiff and destroyed her health, that she has been confined to her bed a great portion of the time since they occurred; so that she is now totally and permanently disabled; she is unable to perform her household duties or to earn a livelihood; that prior to that time she was in good health, able to make her own clothes and her children's clothes, and to enjoy life, to do the work of a farm hand on the farm, and now she is an invalid for life and a burden upon her husband, all of which greatly mortifies the plaintiff and causes her to suffer continual misery as aforesaid."

In the foregoing we find no infraction of the rule against variance between the proof and the pleadings. The petition described the injuries in the language of the layman, while the physician testified in medical or technical terms. The plaintiff in error has not pointed out any variance in the actual meaning of the language thus employed, and we can see no merit in this contention.

The plaintiff in error complains of misconduct on the part of one of the attorneys for the plaintiff in his argument to the jury in which he told the jury that if the jury gave the plaintiff too large a verdict the trial judge could reduce the amount so awarded in considering motion for new trial. The plaintiff in error also complains that the verdict of the jury and the judgment of the trial court is not supported by sufficient evidence and is contrary to law.

It is the province of the jury to determine the amount of damages, and any appeal of counsel suggesting that the jury shift its responsibility over to the trial court is improper, but such misconduct is not reversible error unless it appears that substantial prejudice resulted therefrom, and that the jury was influenced thereby, to the material detriment of the party complaining.

This question was presented in the case of Safe-Way Cab Service Co. v. Gadberry, 180 Okla. 51, 67 P. (2d) 434, and this court, in disposing of same, commented as follows:

"* * * Defendant urges that counsel for plaintiff was guilty of misconduct, such as to warrant a reversal of the cause, in his closing argument. This argument is based upon a statement during the argument to

the effect that if the jury gave plaintiff too much by its verdict, it could be corrected by the court. This argument was improper. The question is, Was it such as to cause a reversal? We hold that it was not. The court saw no fault in it, and saw no fault in the amount of the verdict. Had the verdict been excessive, the court could have corrected it. If, as a matter of law, it was not excessive, no error resulted.

"In this connection to some extent it is finally assigned as error that the verdict is excessive. In this we have the true test of error in the last above assignment. We have said that damages must be so excessive as to strike mankind at first blush as being beyond all measure unreasonable and outrageous before this court will declare a verdict excessive, because the jury and trial judge have a much better opportunity than do the appellate judges to measure the actual damages suffered. Bucktrot v. Partridge, 130 Okla. 122, 265 P. 768; Chicago, R. I. & P. Ry. Co. v. DeVore. 43 Okla. 534, 143 P. 864; L. R. A. 1915F. 21."

Having carefully read the record in this case, we are of the opinion that the verdict is sustained in amount by competent evidence. Therefore, it is not excessive and no prejudicial error resulted from the argument of counsel complained of herein.

The judgment of the trial court is affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and WELCH and HURST, JJ., concur.