**JOHNSON et al. v. JORDAN et al.**
No. 6578.

District Court, E. D. Oklahoma.
Jan. 25, 1938.

Reuel W. Little, of Madill, Okl., for plaintiff.

Dudley, Hyde, Duvall & Dudley, of Oklahoma City, Okl., for defendants.

RICE, District Judge.

This suit is for damages for personal injuries filed by plaintiff against B. D. Jordan, herein referred to as "Motor Carrier," operating under a certificate of convenience and necessity issued by the Corporation Commission of the State of Oklahoma, wherein is joined as defendant the Insurance Carrier that executed the bond required by law to be filed by the Motor Carrier before the issuance of the certificate. The plaintiff and the Motor Carrier are each residents of the State of Oklahoma. The insurance company defendant, which will be referred to as "Insurance Carrier," is a nonresident of the state. The Insurance Carrier seeks to remove the cause from the district court of Marshall county, Okl., to this court, on the theory that the petition of the plaintiff shows a separable controversy between it and the plaintiff, and no joint cause of action against it and the motor carrier is stated.

The petition discloses that plaintiff seeks to recover $19,600 from both defendants. She says she was a passenger of the motor carrier, and while such passenger was injured as a result of the motor carrier's negligence. She then alleges the execution of the bond by the insurance carrier in the manner and form as required by the law of the State of Oklahoma and the filing of same with the Corporation Commission of the State of Oklahoma. The applicable statutes of Oklahoma are as follows: Section 7, chapter 113, Session Laws 1923, carried forward into Oklahoma Statutes 1931 as section 3697: "No certificate of convenience and necessity shall be issued by the Corporation Commission to any motor carrier until and after such motor carrier shall have filed with the Corporation Commission of this State a liability insurance bond in some company authorized to do business in this State in such a penal sum as the Corporation Commission may deem necessary to adequately protect the interest of the public, with due regard to the number of persons and amount of property involved, which liability insurance shall bind the obligors thereunder to make compensation for injuries to persons and loss of or damage to property resulting from the operation of such motor carrier."

Section 10, chapter 253, Session Laws 1929, carried forward into Oklahoma Statutes 1931 as section 3708: "No certificate of convenience and necessity or permit shall be issued by the Corporation Commission to any motor carrier until after such motor carrier shall have filed with the Corporation Commission of this state a liability insurance policy or bond covering public liability and property damage, issued by some insurance or bonding company or insurance carrier authorized to do business in this state, which bond or policy shall be approved by the Corporation Commission of Oklahoma, and shall be in such sum and amount as fixed by a proper order of the Corporation Commission. Said liability and property damage insurance policy or bond shall bind the obligor thereunder to make compensation for injuries to, or death of, persons and loss or damage to property resulting from the operation of any such motor carrier for which such carrier is legally liable. Provided further, however, that the Corporation Commission may, in its discretion, relieve any motor carrier herein classified under class 'C' from the obligation of filing said public liability and property damages bond. A copy of such policy or bond shall be filed with the Corporation Commission, and after judgment against the carrier for any such damage, the injured party may maintain an action upon such policy or bond to recover the same and shall be a proper party so to do."

A portion of chapter 156, Session Laws 1933, 47 Okl.St.Ann. § 161 et seq., which expressly repealed section 3697, Oklahoma Statutes 1931, and amended section 3708, Oklahoma Statutes 1931, 47 Okl.St.Ann. § 169, and note, to read as follows:

"Section 3708, Oklahoma Statutes, 1931, be, and the same is hereby amended to read as follows:

" 'Section 3708. No certificate of convenience and necessity, or permit, shall be issued by the Corporation Commission to any motor carrier until after such motor carrier shall have filed with the Corporation Commission a liability insurance policy or bond covering public liability and property damage, issued by some insurance or bonding company or insurance carrier, authorized to do business in this state and which has complied with all of the requirements

of the Corporation Commission, which bond or policy shall be approved by the Corporation Commission, and shall be in such sum and amount as fixed by a proper order of said Commission; and such liability and property damage insurance policy or bond shall bind the obligor thereunder to make compensation for injuries to, or death of, persons, and loss or damage to property, resulting from the operation of any such motor carrier for which such carrier is legally liable; provided, that said Commission, may, in its discretion, relieve any motor carrier herein classified under class "C," from the obligation of filing such public liability and property damages bond. A copy of such policy or bond shall be filed with said commission, and, after judgment against the carrier for any such damage, the injured party may maintain an action upon such policy or bond to recover the same, and shall be a proper party so to do.' "

The injury of which plaintiff complains occurred after the effective date of chapter 156, Session Laws of 1933, supra.

■ It is well settled that the motor carrier and the insurance carrier, under the law of Oklahoma as interpreted by the Supreme Court of Oklahoma, may be sued in the same action. This was the law of the state before and since the amendment of 1933.

Temple v. Dugger, 164 Okl. 84, 21 P.2d 482; Jacobsen v. Howard, 164 Okl. 88, 23 P.2d 185. Decided before the 1933 amendment.

Enders v. Longmire, 179 Okl. 633, 67 P.2d 12; Mead et al. v. Jones, Okl.Sup., 73 P.2d 176; American Fidelity & Casualty Co. of Richmond v. Bennett, Okl.Sup., 76 P.2d 245. Decided after the 1933 amendment.

The second syllabus of the Enders v. Longmire Case, supra, is as follows: "2. Under the above statutes, a motor carrier and his liability insurance bondsmen are jointly liable to make compensation for injuries to persons resulting from the operations of such motor carrier, the liability being created by statute, and such an injury constitutes one cause of action against the joint defendants and not a separate cause of action against each of them."

Notwithstanding the decisions of the Supreme Court of Oklahoma, the insurance carrier contends that as to it there is a separable controversy which it is entitled as a matter of right to have heard in this court. That, since the plaintiff proceeds against the motor carrier in tort and against it on its bond, a contract, the two are separate and distinct.

The applicable provision of the Judicial Code is 28 U.S.C.A. § 71: "Any suit of a civil nature, at law or in equity, arising under the Constitution or laws of the United States, or treaties made, or which shall be made, under their authority, of which the district courts of the United States are given original jurisdiction, in any State court, may be removed by the defendant or defendants therein to the district court of the United States for the proper district. Any other suit of a civil nature, at law or in equity, of which the district courts of the United States are given jurisdiction, in any State court, may be removed into the district court of the United States for the proper district by the defendant or defendants therein, being nonresidents of that State. And when in any suit mentioned in this section there shall be a controversy which is wholly between citizens of different States, and which can be fully determined as between them, then either one or more of the defendants actually interested in such controversy may remove said suit into the district court of the United States for the proper district."

■ Is there a separable controversy within the meaning of that term between plaintiff and the insurance carrier? It is not easy to define the term "separable controversy." The most used definition perhaps is: A controversy with citizens of one or more states on one side and citizens of other states on the other which can be fully determined without the presence of other parties to the suit. The whole subject matter of the controversy must be capable of being finally determined as between the parties thereto, and complete relief afforded as to the separate cause of action without the presence of others originally parties to the suit. Fraser v. Jennison, 106 U.S. 191, 1 S.Ct. 171, 27 L.Ed. 131.

■ All the authorities state the general rule as above. The difficulty is in applying the rule to the facts of each case. In applying the rule it is necessary to keep in mind the principle of law that: "The cause of action is the subject-matter of the controversy, and that is, for all the purposes of the suit, whatever the plaintiff declares it to be in his pleadings." Louisville & Nashville Railroad Co. v. Ide, 114 U.S. 52, 5 S. Ct. 735, 29 L.Ed. 63; Torrence v. Shedd, 144 U.S. 527, 12 S.Ct. 726, 36 L.Ed. 528.

■ Separate answers of defendants sued on joint causes of action may present different questions for determination, but they do not necessarily divide the suit into separate controversies. A defendant has no right to say that an action shall be several which a plaintiff elects to make joint. Torrence v. Shedd, supra.

■ Whether a separable controversy exists in action at law must be determined from plaintiffs' complaint, in view of state law, where fraudulent joinder is not claimed. Culp v. Baldwin, 8 Cir., 87 F.2d 679. No fraudulent joinder is claimed.

■ In determining whether there is a separable controversy, the main dispute must be kept in mind. Shainwald, Receiver, et al. v. Lewis, 108 U.S. 158, 2 S.Ct. 385, 27 L.Ed. 691.

■ Where the relief sought against one of several defendants is merely incidental to the principal purpose of the suit, the fact that such incidental relief pertains to only one of the defendants does not make it a separable controversy so as to give him the right of removal. Cyclopedia of Federal Procedure, vol. 1, p. 960; Fidelity Insurance Co. v. Huntington, 117 U.S. 280, 6 S. Ct. 733, 734, 29 L.Ed. 898; Merchants Cotton Press & Storage Co. v. Insurance Co. of North America, 151 U.S. 368, 14 S.Ct. 367, 38 L.Ed. 195. In Fidelity Insurance Co. v. Huntington, supra, the following language is used: "The judgment sought against the Fidelity Company is incident to the main purpose of the suit, and the fact that this incident relates alone to this company does not separate this part of the controversy from the rest of the action."

The main question in the present suit is the right of the plaintiff to recover for injuries which she says were received by reason of the negligence of the motor carrier. A determination of this main question is necessary to fix liability of the insurance carrier. The liability of the insurance carrier and its controversy with the plaintiff is incidental to and dependent upon the settlement of the main question.

■ The situation presented in this case is quite similar from a legal standpoint to that in the Chicago, Burlington & Quincy Railway Co. v. Willard, 220 U.S. 413, 31 S.Ct. 460, 464, 55 L.Ed. 521, which arose in Illinois. Therein a resident corporation owner of a railroad leased its road to a nonresident corporation. Under the contract the lessee had complete control of the operation of the road, but under the law of Illinois the owner company was held to be liable for injury occurring by reason of the negligent operation by the operating company. The lessee company was liable in tort under the doctrine of respondeat superior. The owner of the company was not held under the theory of tort. Under the law of Illinois the lessor company was required to answer for the consequences of the negligence of the lessee company to the public. In this case the insurance carrier is not liable under the theory of tort. It executed its bond whereby it agreed to compensate for injuries to person or property resulting from the operation of the motor carrier for which such carrier is legally liable. No wording of the bond may relieve the insurance carrier of this liability. Enders v. Longmire, supra. In other words, this defendant agreed to be liable for the tort of its codefendant. The law of Oklahoma makes the insurance carrier jointly liable with its codefendant.

In Chicago, Burlington & Quincy Railway Company v. Willard, supra, the court said:

"It is thus made clear that if the plaintiff had any cause of action on account of the injury in question he could bring a joint action in an Illinois court against the lessor and lessee companies. Whatever liability was incurred on account of the death of the plaintiff's intestate could, at the plaintiff's election, be asserted against both companies in one joint action, or, at his election, against either of them in a separate action."

A defendant cannot say that an action shall be several if the plaintiff has a right and so declared to make it joint.

■ A determination of this motion to remand does not require a construction by the federal court of the state statutes in question or the effect of the 1933 amendment. It is true that prior to the decision of the Supreme Court of Oklahoma in the Enders v. Longmire Case the federal courts of this jurisdiction had construed the act as amended different from the state court's construction. After a contrary construction by the state court of last resort, it being a matter peculiarly within the province of the state court, the federal courts should no longer adhere to its former holding, but, on the contrary, should accept the construction of the state court.

The motion to remand is sustained.