Jean GREEAR, Shon D. Greear and Claudella J. Greear, by their mother and next friend, Jean Greear, Plaintiffs,

v.

JOHN LONG TRUCKING, INC., a corporation, Jerald Ray Brown, Bonita Luttrell and Imperial Casualty and Indemnity Company, a corporation, Defendants.

Civ. No. 66-520.

United States District Court
W. D. Oklahoma.
Aug. 14, 1967.

**225**

Anthony J. Scalora, Sacramento, Cal., Pugh & Pugh, Oklahoma City, Okl., for plaintiffs.

Hunt & Thomas, Cheek, Cheek & Cheek, Oklahoma City, Okl., for defendants.

## ORDER

DAUGHERTY, District Judge.

The Motion for Separate Trial filed herein by the defendant Imperial Casualty and Indemnity Company, a corporation, under Rule 42(b) F.R.Civ.P., is denied.

■ The jurisdiction of this Court in this case is based on diversity of citizenship and the involvement of the required jurisdictional amount. 28 U.S.C. § 1332. The law of Oklahoma applies to this controversy. Title 47 Oklahoma Statutes, Section 169, allows the joinder of the movant as a party defendant under the Class B Carrier circumstance of this case. Enders v. Longmire (1937), 179 Okl. 633, 67 P.2d 12; Casualty Reciprocal Exchange v. Waggoner Drilling Co. (Okl.1959), 340 P.2d 490.

The Court finds that convenience will not be furthered by separate trials nor will separate trials be conducive to expedition or economy. Rule 42(b) F.R. Civ.P. The Court further finds that no prejudice will result from a trial with the insurance carrier joined with the trucking company in view of the jury instructions, customarily given by the Oklahoma courts in this type of joinder advising the jury not to consider this joinder in arriving at liability or amount of damages. Rule 42(b) F.R.Civ.P. If any prejudice may be said to exist from this joinder, it is by reason of Oklahoma policy and law making the motor carrier and its liability insurance bondsman jointly liable under one cause of action and which authorizes this joinder and to grant separate trials would materially change the character of the litigation because the case has been brought in a federal court. This is not permissible. Hanna v. Plumer, 380 U.S. 460, 467, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965); En-

ders v. Longmire, supra; Johnson v. Jordan (E.D.Okl.1938), 22 F.Supp. 286; Behling v. Rivers (E.D.S.C.1946), 74 F. Supp. 350, 353.

■ Moreover, the ordering of separate trials under Rule 42(b) F.R.Civ.P. is discretionary with the Court and in the sound discretion of the Court the request for separate trials is denied and the case is ordered to proceed in this Court as brought and in the same manner in which it would be tried in the State Courts of Oklahoma. Fidelity & Cas. Co. of New York v. Mills, 5 Cir., 319 F.2d 63; Seven-Up Company v. O-So Grape Co. (D.C.Ill.1959), 177 F.Supp. 91, affirmed 283 F.2d 103 (7th Cir., 1960), cert. denied 365 U.S. 869, 81 S.Ct. 903, 5 L.Ed.2d 859; Crockett v. Boysen (D.C. Minn.1966), 26 F.R.D. 148.