William R. **ROBERTSON**, Plaintiff,

v.

Dorothy Ona **NYE**, Executrix of the Estate of Raymond Nye, Deceased, St. Louis Fire and Marine Insurance Company, a corporation, John Alfred Arnold, Defendants.

No. 67–381.

United States District Court

W. D. Oklahoma.

Nov. 9, 1967.

Richard James, of James & Butts, and Benjamin E. Butts, Chandler, Okl., for plaintiff.

Charles C. Baker, of Abernathy & Baker, Shawnee, Okl., for St. Louis Fire.

## ORDER

DAUGHERTY, District Judge.

Upon consideration of the Plaintiff's Motion to Remand, the Court finds that the same should be denied. The Plaintiff is a citizen of Oklahoma. The Defendant, St. Louis Fire and Marine Insurance Company, is not a citizen of Oklahoma and has removed the case from the state court to this court. None of the other defendants have been served with summons. In these circumstances the Defendant, St. Louis Fire and Marine Insurance Company, was entitled to remove the case. 28 U.S.C. § 1441(b); Barron & Holtzoff Federal Practice and Procedure, Vol. 1, Section 103, page 279, (1966 Pocket Part).[1] Since this con-

---

1. This Section states:

"In Pullman Co. v. Jenkins, 1939, 59 S.Ct. 347, 305 U.S. 534, 83 L.Ed. 334, it was said that removal is not proper where diversity was the basis of jurisdiction and there was a named defendant resident in the state where suit was brought, even though that defendant had not been served. A similar ruling was made, relying on the Pullman case, in Wolsum v. J. W. Bateson Co., D.C.Mo. 1960, 182 F.Supp. 879. The court does

not take into account the change in language between the statute in force in 1939 and the present statute. 28 U.S. C.A. § 1441(b), as enacted in the 1948 Judicial Code, provides that diversity cases 'shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the state in which such action is brought.' The implication seems clear that there can be removal where the resident defendant has not been served."

troversy stands as one between the Plaintiff, an Oklahoma citizen, and a defendant, not a citizen of Oklahoma, the Motion to Remand the case to state court is denied.

▮▮ Upon consideration of the Motion to Dismiss filed herein by the Defendant, St. Louis Fire and Marine Insurance Company, the Court finds that the same should be sustained. This litigation is based on an accident involving a vehicle driven by the Plaintiff and another vehicle belonging to a common carrier. The Defendant, St. Louis Fire and Marine Insurance Company, was the statutory liability insurance bondsman for the said common carrier pursuant to Title 47, Oklahoma Statutes, Section 169 and as such became jointly liable with the common carrier and subject to be sued with the said common carrier in connection with the accident involved herein. All American Bus Lines v. Saxon, (1946), 197 Okl. 395, 172 P.2d 424; Johnson v. Jordan, (E.D.Okl.1938), 22 F.Supp. 286; Enders v. Longmire, (1937), 179 Okl. 633, 67 P.2d 12. But this statutory liability being joint and not joint and several and constituting but one cause of action, it follows that both the common carrier and its liability insurance bondsman must be sued together before any relief can be granted and the liability insurance bondsman cannot be sued alone over its objection. Title 47, Oklahoma Statutes, Section 169; All American Bus Lines v. Saxon, supra; Enders v. Longmire, supra; Schram v. Perkins, (D.C.Mich.1941), 38 F.Supp. 404 at 407.[2] The Court therefore agrees with the Defendant, St. Louis Fire and Marine Insurance Company that without both the common carrier and its liability insurance bondsman in Court the Plaintiff has no cause of action and is not entitled to proceed against the statutory liability insurance bondsman alone. The Court also notes that after the Motion to Dismiss now under consideration was filed the Plaintiff has indicated a desire to dismiss this action.

It is therefore ordered that the Plaintiff's action is dismissed and in the interest of justice this dismissal is ordered to be without prejudice to future action.

---

2. This case provides:

"The main attribute of a joint liability, as distinguished from a several or a joint and several liability, is the right of one joint obligor to insist that his co-obligor be joined as a co-defendant with him, i. e.: that they be sued jointly."