**H. C. TRIBBLE, Plaintiff,**

v.

**KOSS CONSTRUCTION COMPANY, a corporation, John Degal, and Employers Casualty Company, a foreign insurance corporation, Defendants.**

Civ. No. 69–462.

United States District Court, W. D. Oklahoma.

March 16, 1970.

Gus Rinehart, and Michael C. Stewart, of Rinehart, Cooper & Stewart, Oklahoma City, Okl., Dick Bell, and Frank Seay, Seminole, Okl., for plaintiff.

Earl D. Mills, of Foliart, Shepherd, Mills & Niemeyer, Oklahoma City, Okl., for defendants.

ORDER DISMISSING DEFEND-ANT EMPLOYERS CASUAL-TY COMPANY

DAUGHERTY, District Judge.

Defendant Employers Casualty Company (Employers), an insurance company, has been joined herein by Plaintiff on the basis it is an insurer of a Class B carrier under the provisions of 47 Okl. St.Ann. §§ 161–176 and is, therefore, a proper party defendant in this action. Defendant Koss Construction Company (Koss) was the lessee of certain trucks owned by Chester Crotts d/b/a Crotts Trucking Company (Crotts) and Koss' employee, Defendant John Degal (Degal), was operating one of these leased trucks when it was involved in the acci-

dent out of which this action arises. Crotts is a Class B carrier, is the named insured under Employers' insurance policy, but is not a party in this action. Koss does not have a Class B carrier permit. Employers has moved for its dismissal[1] from this suit for the reason its named insured is not a party. Plaintiff opposes this Motion on the basis that Employers' policy covers Koss as an additional insured.

Employers contends its liability as a statutory bondsman under 47 Okl.St. Ann. § 169 is joint, not joint and several, and that it may be joined as a party defendant only with the holder of a Class B permit under 47 Okl.St.Ann. § 169. Plaintiff contends that this statute was designed for the protection of the public and not the insured, that Koss, as lessee of Crotts, the permit holder, operated under his permit and stood in his shoes with respect to the permit, and that in contemplation of the statute, Koss is the carrier which is jointly liable with Employers, especially in view of the possibility that Employers may be legally liable to Plaintiff under the additional insured clause of its policy.

The rule in Oklahoma is that an insurance company may not be joined as a defendant in an action against its insured. An exception to this rule exists in the case of insurers of permit holders subject to the provisions of 47 Okl.St. Ann. § 169. This statute provides that one injured by a permit holder in the course of his operations under the permit may maintain an action upon the insurance policy required to be obtained by the permit holder.

It appears from the provisions of 47 Okl.St.Ann. § 166 and § 167 that perhaps Koss should have obtained a permit to conduct the trucking operations being conducted when the accident herein occurred.[2] It further appears that a permit holder is prohibited from transferring or assigning a permit without consent of the Oklahoma Corporation Commission. 47 Okl.St.Ann. § 166. There is nothing in the case to indicate that Crotts assigned or transferred his permit to Koss in the manner required by the cited statute.

Inasmuch as Koss is not shown to be a holder of a Class B permit at the time of the accident herein by original issue or authorized transfer, 47 Okl.St. Ann. § 169 does not come into operation to permit the joinder of Employers in an action against Koss even though Koss may be an additional insured under the policy issued to Crotts. 47 Okl.St.Ann. § 169 requires that a permit holder obtain insurance, and it permits joinder of the insurer in an action against the permit holder.

The Oklahoma Legislature has determined that no prejudice results from the joinder permitted by statute. Oklahoma Transportation Company v. Claiborn, 434 P.2d 299 (Okl.1967). The insurer's statutory liability is joint, and a cause of action against the permit holder in which the insurer is permitted by statute to be joined is but one cause of action. Robertson v. Nye, 275 F.Supp. 497 (Okl.1967). It follows that Employers was improperly joined in this action and must be dropped as a party de-

1. The Motion is treated as a motion to drop a party defendant under Rule 21, F.R.Civ.P., 28 U.S.C.A.

2. 47 Okl.St.Ann. § 166: "Certificates or permits. It is * * * unlawful for * * * any contract carrier by motor vehicle to operate * * * without having obtained a permit * * *." 47 Okl.St. Ann. § 161(H): "The term 'contract carrier by motor vehicle' means any person which engages in transportation by motor vehicle of passengers or property * * *

under continuing contracts with one person * * *." 47 Okl.St.Ann. § 167: "Carriers of road building materials and unprocessed agricultural commodities. Except as provided herein [which provisions related to exemption of applicants from certain requirements], the provisions of section 166 are expressly made applicable to any certificate issued under this section." The pleadings reveal that Koss was transporting road building materials with the trucks leased from Crotts.

fendant in the case. Rule 21, F.R.Civ. P., 28 U.S.C.A.

The Motion to Drop of Defendant, Employers Casualty Company is granted and the Defendant, Employers Casualty Company is dropped as a party defendant in this action.