**Shirley Jane GANN, Plaintiff,**

v.

**TRANSAMERICAN FREIGHT LINE, INC., a foreign corporation, et al., Defendants.**

No. 73–C–341.

United States District Court, N. D. Oklahoma, Civil Division.

Dec. 19, 1973.

Thomas L. Palmer, Tulsa, Okl., David R. Van Horn, Pryor, Okl., for plaintiff.

Donald Church, Tulsa, Okl., for defendants.

ORDER

DAUGHERTY, Chief Judge.

This action arises from a collision between an automobile driven by Plaintiff and a truck driven by Defendant Keener and operated by Defendant Transamerican Freight Line, Inc. (Transamerican), a motor carrier operating under a permit issued by the Oklahoma Corporation Commission. Defendant Seaboard Surety Company (Seaboard) insured or bonded said motor carrier for liability in accordance with Oklahoma statutory requirements for such coverage (47 Oklahoma Statutes 1971 § 169) and has been joined in this action as a Defendant.

Seaboard has filed its Motion to Dismiss with supporting Brief contending that the Complaint fails to state a claim against it upon which relief may be granted. It further alleges there has been a misjoinder of causes of action and parties Defendant. Plaintiff has filed her Response in opposition to this Motion supported by a Brief.

Seaboard alleges that the Oklahoma laws regulating motor carriers (47 Oklahoma Statutes 1971 §§ 161–176) have been completely revised during the peri-

od September 30, 1968 and April 28, 1971. In particular, it alleges that the provisions of 47 Oklahoma Statutes 1971 § 169, relating to liability insurance policies or bonds were revised effective March 23, 1970, and the provisions of this section do not provide for or require the joinder of insurance companies in actions against motor carriers. It emphasizes the language contained in the last sentence of the first paragraph of § 169 which states:

"A copy of such policy or bond shall be filed with said Commission, and, after judgment against the carrier for any such damage, the injured party may maintain an action upon such policy or bond to recover the same, and shall be a proper party so to do."

It urges that the specific intent of such language is to provide for actions against insurance carriers only after a judgment against their insured motor carrier is obtained.

■ But Seaboard completely ignores the Oklahoma cases construing the statutes in question including the precise language quoted above. The Oklahoma courts have long held that 47 Oklahoma Statutes 1971 § 169 in several revised forms allows the maintenance of an original action jointly against the motor carrier and its insurer. Enders v. Longmire, 179 Okl. 633, 67 P.2d 12 (1937); Employers Casualty Company v. Barnett, 205 Okl. 73, 235 P.2d 685 (1951); Greear v. John Long Trucking, Inc., 272 F.Supp. 224 (W.D.Okl.1967).

In Enders v. Longmire, *supra,* the Court set out the provisions of this statute as found from a 1923 Act, a 1929 Act, and as amended in a 1933 Act. It is noted that the provision which Seaboard herein relies upon was set out by the Court in *Enders* as part of the 1929 Act and the 1933 Amendment. In construing the provision as it stood after the 1933 Amendment, the Court stated 67 P.2d at p. 15:

"Had the Legislature intended that a judgment against the carrier must exist before suing the insurance or bonding company, it would have been very simple for the Legislature to have provided in the 1929 or the 1933 amendment, as follows: 'Only if, and after, judgment is secured against the carrier for any such damage, the injured party may maintain an action upon said policy or bond to recover the judgment theretofore secured against the carrier.'

"No such amendment was adopted, nor anything like it in substance, and from the fact that neither the 1929 nor the 1933 Legislature substantially changed that part of said section upon which this court, in the two cases, supra, held a joint action may originally be maintained against the carrier and its insurance company, we can only assume there was no legislative intent to prevent an original joint action against both the carrier and its surety."

The provisions of the Oklahoma Statutes relating to the regulation of motor carriers upon which the courts have based their decisions allowing the joinder complained of herein are substantially the same as when thoroughly analyzed by the Oklahoma Supreme Court in 1937 in the *Enders* case. The law with respect to the above quoted provision has not been changed and the joinder of Seaboard with its insured, Transamerican is proper in this action under Oklahoma law.

■■ The statutory liability of Seaboard is joint with its insured and constitutes but one cause of action. Robertson v. Nye, 275 F.Supp. 497 (W.D.Okl. 1967). The Complaint states a cause of action in negligence against Transamerican and thus a cause of action upon which relief may be granted is stated against Seaboard. Seaboard's Motion to Dismiss is overruled. Said Defendant is directed to answer Plaintiff's Complaint within fifteen (15) days of this date.