Virginia KASAN, Appellee,

v.

LIBERTY MUTUAL INSURANCE COMPANY, a corporation, et al., Appellants.

No. 48174.

Court of Appeals of Oklahoma, Division No. 1.

June 29, 1976.

Released for Publication by Order of Court of Appeals July 22, 1976.

Stipe, Gossett, Stipe & Harper, by Richard L. Gossett, McAlester, for appellee.

Rucker, Tabor, McBride & Hopkins, Inc., by Donald G. Hopkins, Tulsa, for appellants.

ROMANG, Judge:

This is a personal injury action arising out of an automobile and semi-trailer truck collision which took place at the Town of Savanna, in Pittsburg County, Oklahoma, on February 20, 1972.

The owner and driver of the automobile was Roy Hodgens. His three sisters, Elizabeth Bridgewater, Melba Bone, and Virginia Kasan, hereinafter referred to as Bridgewater, Bone, and Kasan, were passengers in the automobile at the time.

The truck driver was Towry Lockhart. The truck was owned by T.I.M.E.—DC, Inc., which had statutory liability insurance thereon from Liberty Mutual Insurance Company. Reference will hereinafter be made to said parties as Lockhart, T.I.M.E. and Liberty, or as appellants.

Trial of this case before a jury resulted in a verdict and judgment for the plaintiff, Virginia Kasan and against said three appellants for the sum of $138,089.72. No verdict was returned against the defendant Hodgens.

The appellants have appealed from an order overruling their motion for new trial, and here present four propositions for reversal. The first two read:

"PROPOSITION I. Parties are prohibited from relitigating the ultimate issues of negligence decided in a former suit.

"PROPOSITION II. Appellants, Lockhart, T.I.M.E.—DC, and Liberty Mutual Insurance Company were denied the right to a fair trial in that the court erroneously rejected appellant's argument of estoppel concerning the issues decided in a former case (Bridgewater), and permitted Roy Hodgens, by way of pleading, and the giving of testimony, to attempt to prove that the sole and proximate cause of this accident was the negligence of these appellants."

Prior to the trial of the instant case, the action brought by Bridgewater against the same four defendants proceeded to trial after the defendant Hodgens had filed a cross-claim against the other three defendants, and the defendant Lockhart had filed a cross-claim against Hodgens. The jury returned a verdict for Bridgewater and against Hodgens for the sum of $10,000.00, and also returned a verdict for Lockhart and against Hodgens for the sum of $187.-50. There was no verdict or judgment therein against the appellants.

No appeal was taken in the Bridgewater case, so the judgment therein has become final.

Melba Bone likewise brought a personal injury action against the same four defendants. The said appellants in that case

filed a Motion for Summary Judgment based upon the doctrines of collateral estoppel and estoppel by judgment. Appellants alleged in their motion that Melba Bone was estopped from proceeding against them because in the Bridgewater case, the defendant Hodgens had been adjudged the party guilty of negligence which caused the accident, and they also alleged that Hodgens was estopped from pleading any negligence on the part of the appellants and from testifying as to any negligence on their part, because the issues of negligence as between Hodgens and these appellants had been specifically adjudicated in the Bridgewater case. Said Motion for Summary Judgment was overruled by the trial court. The appellants made application to the Supreme Court of Oklahoma for that court to assume jurisdiction and to issue a writ of prohibition to the trial court. Said application was denied and the Bone case proceeded to trial with the result of a verdict against all four defendants in the amount of $47,500.00.

Appellants appealed the judgment in the Bone case to the Oklahoma Supreme Court, being Case No. 47,415. It was assigned to the Court of Appeals. In an opinion filed October 21, 1975, the judgment of the trial court was affirmed including the ruling on the Motion for Summary Judgment.

Appellants filed a Petition for Certiorari in the Bone case, but said Petition was denied by the Oklahoma Supreme Court on April 13, 1976.

The first two propositions in this appeal, present questions similar to those in the Bone appeal as relates to the doctrines of estoppel by former judgment and estoppel by former verdict.

In *Anco Mfg. & Supply Co., Inc. v. Swank*, 524 P.2d 7 (Okl.1974), the opinion reads:

". . . [T]here may be two types of estoppel, i.e. (1) where a judgment in a cause of action bars other actions on the same cause, and sometimes described as 'estoppel by former judgment', and (2) where the verdict and judgment of a previously tried case bars further litigation of particular facts on which the jury necessarily made findings and the findings of those particular facts were essential to the judgment therein rendered, and sometimes described as 'estoppel by former verdict' or 'collateral estoppel.'"

In *Deep Rock Oil Corp. v. Micco*, 262 P.2d 451 (Okl.1953), the court syllabus states:

"The elements essential to the invoking of the doctrine of estoppel by former recovery are: identity in the thing sued for, identity in the cause of action, identity of persons or parties to the action, and identity of quality in the persons for or against whom the claim is made."

In *Laws v. Fisher*, 513 P.2d 876 (Okl. 1973), the court held that the doctrine of collateral estoppel, or estoppel by judgment, "requires an identity of parties and subject matter in the two actions." The opinion further reads:

"It was said in *Smittle v. Eberle*, 1960, Okl., 353 P.2d 121, quoting from *Schneider et al. v. Republic Supply Co.*, 123 Okl. 98, 252 P. 45 that:

"'For a judgment to be an estoppel, there must be an identity of parties, as well as of subject-matter; and the parties between whom the judgment is claimed to be an estoppel must have been parties to the action in which it was rendered in the same capacities and in the same antagonistic relation, or in privity with parties to such former action.'"

It was held in *Laws v. Fisher*, supra, that "there was an identity of plaintiff parties in the two actions because the husband's cause was derived from that of his wife."

In the Bridgewater and Kasan cases there was no identity of parties plaintiff, and the Kasan action was not derived from the Bridgewater action. Also the defendants in the two cases were not in the same

antagonistic position for no cross-claims were pending among them in the Kasan case.

Thus under the decision of the Oklahoma Supreme Court, the doctrines of estoppel by former judgment and estoppel by former verdict do not apply as regards the Bridgewater and Kasan cases.

We find and hold that appellants' first two propositions are without legal foundation.

■ Appellants' third proposition reads: "The trial court erred in overruling these appellant's Motion for Separate Trial and Motion in Limine by reason of which, these appellants were prevented from having a fair trial."

Appellants conclude their argument thereunder as follows:

"Since the cases from our Supreme Court have stated that any mention of insurance is error and prejudicial, it is urged and argued that in this case, the mention of liability insurance to the jury was prejudical to the rights of the defendant and that a separate trial as to Liberty Mutual Insurance Company would have been proper and in the best interest of justice."

In *Gann v. Transamerican Freight Line, Inc.*, 377 F.Supp. 198 (W.D.Okl.1973), the opinion reads:

"The Oklahoma courts have long held that 47 Oklahoma Statutes 1971 § 169 in several revised forms allows the maintenance of an original action jointly against the motor carrier and its insurer.

\* \* \* \* \* \*

"The provisions of the Oklahoma Statutes relating to the regulation of motor carriers upon which the courts have based their decisions allowing the joinder complained of herein are substantially the same as when thoroughly analyzed by the Oklahoma Supreme Court in 1937 in the *Enders* [*Enders v. Longmire,* 179 Okl. 633, 67 P.2d 12 (1937)] case. The law with respect to the above quoted provision has not been changed and the

joinder of Seaboard with its insured, Transamerican is proper in this action under Oklahoma law.

"The statutory liability of Seaboard is joint with its insured and constitutes but one cause of action."

In *Oklahoma Transportation Co. v. Claiborn,* 434 P.2d 299 (Okl.1967), the court said:

" . . . [T]he Legislature by authorizing the joinder of the insurance carrier, has in effect determined that knowledge of insurance liability is not prejudicial to the right of the motor carrier or to its insurance carrier."

In *Robertson v. Nye,* 275 F.Supp. 497 (W.D.Okl.1967), the opinion reads:

"But this statutory liability being joint and not joint and several and constituting but one cause of action, it follows that both the common carrier and its liability insurance bondsman must be sued together before any relief can be granted and the liability insurance bondsman cannot be sued alone over its objection."

In view of the foregoing, we find appellants' third proposition to be without merit.

■ Appellants' fourth proposition reads:

"The trial court erred in giving Instructions Nos. 5, 6, 7–A, 8, 9, 12, 15, 17 and 19, all of which were objected to with an exception being allowed by the trial court."

None of said instructions, nor any portions of them to which appellants object, are set out in totidem verbis in their brief.

Rule 15 of the Oklahoma Supreme Court reads:

"Where a party complains of an instruction given or refused, he shall set out *in totidem verbis* the instruction or the portion thereof to which he objects together with his objection thereto."

For failure to comply with said Rule 15, the fourth proposition will not be considered further.

The judgment of the trial court is hereby affirmed.

Kasan includes in her answer brief a Motion for Judgment on Supersedeas Bond in accordance with 12 O.S.1971, § 971. A copy of said Bond appears in the Transcript furnished to this court.

Therefore, in accordance with said statute and Rule 31 of the Supreme Court of Oklahoma, Virginia Kasan is hereby granted judgment against the bond surety, Liberty Mutual Insurance Company, an Insurance Corporation, Boston, Massachusetts, for the principal sum of $138,089.72 plus interest thereon at the rate of 6% per annum from January 11, 1973, the date this suit was commenced, to December 16, 1974, the date the verdict was received, and on the total of such principal and interest, a further judgment is hereby granted for interest at the rate of 10% per annum from December 16, 1974, until said judgment together with the interest accrued thereon have been paid. See 12 O.S.1971, § 727, and *Benson v. Blair,* 515 P.2d 1363 (Okl. 1973).

AFFIRMED.

REYNOLDS, P. J., and BOX, J., concur.