**AXTON–FISHER TOBACCO CO., Inc., v.
ZIFFRIN TRUCK LINES, Inc.**

No. 183.

District Court, W. D. Kentucky.

Feb. 10, 1941.

A. Shelby Winstead and Woodward, Dawson & Hobson, all of Louisville, Ky., for plaintiff.

Joseph & Dann, of Indianapolis, Ind., and Samuel M. Rosenstein, of Frankfort, Ky., for Ziffrin Truck Lines, Inc.

Allen & Clarke, of Louisville, Ky., for Eagle Star Ins. Co., Ltd.

MILLER, District Judge.

This action is before the Court on the motion of the plaintiff, the Axton-Fisher Tobacco Company, for summary judgment against the Ziffrin Truck Lines, Inc., in accordance with the provisions of Rule 56 of the Rules of Civil Procedure, 28 U.S. C.A. following section 723c.

The complaint alleges that on or about March 15, 1940, the plaintiff delivered to the defendant 200 cases of cigarettes for immediate shipment to Chicago, Illinois, which the defendant as a common carrier accepted; that the defendant failed to deliver the goods as consigned with the result that the shipment was wholly lost to the plaintiff to its damage in the sum

of $8,311.50. The defendant's answer admits the receipt of the goods and its failure to make delivery. It then sets up the affirmative defense that prior to March 15, 1940, the plaintiff advised the defendant that it did not wish to rely upon the defendant's common law liability as a common carrier of the merchandise to be transported by it and notified the defendant it would permit it to transport plaintiff's merchandise if the defendant would, in lieu of its common law liability, obtain a policy of insurance directly insuring the plaintiff against any loss resulting from the failure of the defendant to properly transport the merchandise entrusted to it; that for the purpose of obtaining the plaintiff's business and being relieved of its common law liability with respect to the same, the defendant purchased a policy of insurance from the Eagle Star Insurance Co., Ltd., in which the · plaintiff was named as the insured; and that by the issuance and acceptance of said policy of insurance defendant has been released from its common law liability to the plaintiff for the damage complained of in the complaint. The defendant, along with the filing of its answer, also filed its third-party complaint against the Eagle Star Insurance Co., Ltd., in which it alleged that prior to March 15, 1940, the insurance company issued to the defendant its policy of insurance indemnifying the assured for its liability as a common carrier and also issued to the plaintiff its policy of insurance, being attached to and forming part of the policy issued to the defendant, by which it insured the plaintiff against loss by reason of shipments delivered to the defendant, and that both policies were in full force and effect on March 15, 1940. The third-party complaint further stated the facts pertaining to the shipment of 200 cases of cigarettes by the plaintiff, and alleged that the truck containing the merchandise was "highjacked" and that the merchandise was stolen while in transit, and that by reason of these facts the insurance company became liable to both the plaintiff and to the carrier in the amount of $8,311.50 under its policies of insurance but that the insurance company had failed and refused to pay this amount or any part thereof either to the plaintiff or to the carrier. Judgment was prayed against the insurance company for that amount. The Eagle Star Insurance Company moved to dismiss the third-party complaint because it failed to state a valid claim against the insurance company as the third-party defendant.

Plaintiff's motion for a summary judgment against the carrier is supported by an affidavit of its traffic manager which supports the allegations of the complaint. The carrier in objecting to the motion filed the affidavit of its president and general manager, which stated that the insurance policy was procured and delivered to the plaintiff in lieu of the carrier's common law liability in accordance with the agreement between the plaintiff and the carrier. This procedure was in accordance with the provisions of Rule 56 of Civil Procedure which further provides as follows: "The judgment sought shall be rendered· forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that, except as to the amount of damages, there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

The plaintiff claims that it is entitled to a judgment as a matter of law on the ground that even though the insurance was procured under an agreement such as is claimed by the carrier and denied by the plaintiff, such an agreement · would be illegal and unenforceable,· leaving the defendant still liable upon its common law liability. The carrier contends first that such an agreement is not illegal and secondly that even if it is illegal summary judgment should not be entered against it until the case is ready to be completely disposed of including its claim against the insurance company.

 The Court is of the opinion that it is not necessary to pass upon the issue of fact made by the affidavits. If the facts are as claimed by the plaintiff, namely, that the insurance was issued in addition to the carrier's common law liability, the plaintiff is entitled to a judgment as a matter of law as the receipt of the shipment and the failure to deliver are admitted by the carrier. If the facts are as claimed by the carrier, namely, that the insurance was issued and accepted in lieu of the carrier's common law liability such an agreement is illegal and leaves the plaintiff in a position to recover from the carrier on its common law liability. The shipment is governed by the provisions of the Motor Carriers' Act, 49 U.S.C.A. § 301 and following. Section 202 of the Act, section 302 Title 49 U.S.C.A., provides

that it shall apply to the transportation of property by motor carriers engaged in interstate or foreign commerce. Section 219 of the Act, section 319 Title 49 U.S.C.A., provides that Section 20(11) of the Title shall apply with like force and effect to receipts or bills of lading of common carrier by motor vehicles. Said Section 20(11) provides as follows:

"Any common carrier * * * subject to the provisions of this chapter receiving property for transportation from a point in one State * * * to a point in another State * * * shall issue a receipt or bill of lading therefor, and shall be liable to the lawful holder thereof for any loss, damage, or injury to such property caused by it * * * and no contract, receipt, rule, regulation, or other limitation of any character whatsover shall exempt such common carrier * * * from the liability hereby imposed. * * *"

The two cases relied upon by the carrier as holding that such an agreement is valid and enforceable are not in point. In Great Lakes T. Corp. v. Interstate S. S. Co., 301 U.S. 646, 57 S.Ct. 915, 81 L.Ed. 1318 the Court held that a carrier may carry insurance on its cargo and that when the insurance company pays the carrier the amount it is required to pay the shipper, the insurance company can not recover any part of this back from the shipper under the Admiralty Rule of a division of damages in case of fault of both vessels. In Nebraska Co-operative Creameries v. Des Moines T. Co., D.C., 16 F. Supp. 853, being the other case chiefly relied upon by the carrier, the Federal statute referred to is not discussed. The loss in that case occurred in April, 1935, while the provisions of the Act which are referred to above were not enacted until August, 1935. The provisions of the Federal statute relied upon by the plaintiff appear to be plainly expressed and to have the legal effect of making invalid any such alleged agreement as is relied upon by the carrier in the present action.

The carrier stresses its right to file its third-party complaint against the insurance company and to have that question disposed of in this action, under the provisions of Rule 14, Rules of Civil Procedure. No objection was made by the plaintiff to this procedure and the Court recognizing the carrier's right to do so permitted the third-party complaint to be filed. The carrier now contends that it is the underlying purpose of Rule 14 that the entire action, including both the plaintiff's claim against the defendant and the defendant's claim against the third-party defendant, be disposed of in one trial and that no judgment should be rendered against it until the case was ready for decision on the defendant's claim against the insurance company. We recognize the general principles of third-party practice to be such as to prevent the necessity of trying several related claims in different lawsuits and to enable them to be all disposed of in one action. In the great majority of cases this would be the result of such procedure. But we do not believe that Rule 14 providing for third-party practice was intended to contradict or to nullify the provisions of Rule 56 providing for summary judgment. Both Rule 14 and Rule 56 are parts of the Rules of Civil Procedure, and full effect should be given to each rule. We believe it is entirely consistent to permit a third-party complaint to be filed and thereafter to give the plaintiff the benefit of summary judgment under Rule 56 if the facts turn out to be that no trial is necessary upon the plaintiff's claim against the original defendant. This still leaves the action standing for trial on the defendant's third-party complaint against the third-party defendant. Subsection (d) of Rule 56 contemplates that under some circumstances favorable action upon a motion for summary judgment will not completely dispose of the case and that further proceedings in the nature of a trial may be necessary. The present ruling sustaining the plaintiff's motion for a summary judgment and leaving the remainder of the case for further disposition is in accord with the general purpose of that subdivision of the Rule.

Plaintiff's motion for a summary judgment is sustained, and the case will be retained upon the docket for further proceedings upon the defendant's third-party complaint against the Eagle Star Insurance Company.