140

JORDAN et al. v. STEPHENS et al.
(STANDARD ACC. INS. CO., Third-
Party Defendant).

No. 1891.

District Court, W. D. Missouri, W. D.
Nov. 20, 1945.

Leo T. Schwartz, of Kansas City, Mo.,
for plaintiffs.

Charles V. Garnett, of Kansas City, Mo.,
for defendants and third party plaintiff.

Cowgill & Popham and Sam Mandell,
all of Kansas City, Mo., for third party de-
fendant.

REEVES, District Judge.

The question for decision in this case is
whether the third-party complaint states a
cause of action, and, even if so, whether
the no-action clause of the insurance pol-
icy set up in the third party complaint
would bar the action at this time.

The original suit was brought against the defendants as general contractors in the construction of an addition to the United States Postoffice and Courthouse at Little Rock, Arkansas. The personal plaintiff was an employee of Western Fireproofing Company, a sub-contractor of the defendant. The plaintiff, Liberty Mutual Insurance Company, a corporation, was the insurance carrier for said sub-contractor.

It is alleged in the complaint that the sub-contractor was subject to the Workmen's Compensation Laws of the State of Arkansas, Acts 1939, Act No. 319, and that the Liberty Mutual Insurance Company, a corporation, being the insurance carrier for said Western Fireproofing Company, paid damages sustained by the personal plaintiff in the course of his employment. The Workmen's Compensation Law of the State of Arkansas required payment to the personal plaintiff without regard to the causes of his injuries. However, it is alleged in the complaint, that the personal plaintiff sustained his injuries directly through the negligence of the general contractors, the defendants herein and the third-party plaintiffs.

Averments of the complaint are, that the personal plaintiff, while standing at a place where he had a right to stand, and without any negligence or lack of care on his part, was injured by the general contractors in their alleged negligent operations on the structure.

The defendants have sought to bring in the third-party defendant perforce the provisions of Rule 14, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. The basis for impleading the third-party defendant is a policy or contract of insurance issued by the third-party defendant to the defendants and third-party plaintiffs.

It is the contention of the third-party defendant that, as the insurer of the defendants and third-party plaintiffs, no cause of liability is stated against it in the third-party complaint, and, moreover, even if so, the policy tendered by the defendants in their third-party complaint contains a clause specifically forbidding that any "* * * action shall lie against the Company to recover upon any claim or for any loss under this Policy, unless brought after the amount of such claim or loss shall have been fixed and rendered certain either by final judgment against the Assured after trial of the issue or by agreement between the parties with the written consent of the Company, * * *."

These contentions will be noticed and additional facts will be stated as such may become pertinent for a decision.

■ 1. An examination of the averments of the complaint shows that a cause of action is stated by the plaintiffs against the defendants and third-party plaintiffs. In turn, the third-party plaintiffs in impleading the third-party defendant set forth the issuance of the policy by the third-party defendant and the obligations thereof. The third-party defendant agreed to pay within certain limitations "the loss from the liability imposed by law upon the Assured for damages * * * during the prosecution by the Assured of the Business Operations (as defined in Insuring Agreement, etc.") Moreover, the policy provided for the defense of litigation against the assured by the third-party defendant, if such litigation arose from charges of negligence in the building operation and if the accident or injuries be covered by the terms of the policy.

The third-party complaint quite concisely and clearly states a cause of action against the third-party defendant, both on its own behalf and on behalf of the plaintiffs.

■ 2. Rule 14, Federal Rules of Civil Procedure, relates to third-party practice. It provides, among other things, that a defendant or defendants may, upon a proper showing and in compliance with certain regulations, obtain a summons for a third-party defendant not previously made a party to the action. This can be done where it is averred that the third-party defendant either "is or may be liable to him or to the plaintiff for all or part of the plaintiff's claim against him."

It is obvious that, if the averment of the third-party complaint be true, the third-party defendant may be liable to both the

plaintiffs and the defendants or third-party plaintiffs. In fact, the third-party plaintiffs ask judgment against the third-party defendant for expenses incurred by them in defending the suit the third-party defendant had agreed to defend. Moreover, they, in effect, tender the third-party defendant as a defendant to the plaintiffs, who, in the event of recovery against the defendants, may look to the third-party defendant for satisfaction of their claims.

Authorities justify such proceeding in cases precisely like this. See Moore's Federal Practice Under the New Rules, Volume 1, page 735, and the interpretation of Rule 14. The reason for the rule is stated at page 740: "The general purpose of Rule 14 is to avoid two actions which should be tried together to save the time and cost of a reduplication of evidence, to obtain consistent results from identical or similar evidence, and to do away with the serious handicap to a defendant of a time difference between a judgment against him, and a judgment in his favor against the third-party defendant."

Other reasons may be gleaned from the analysis found in the volume mentioned.

Judge Miller for the Western District of Kentucky, in Axton-Fisher Tobacco Co. v. Ziffrin Truck Lines, D.C., 36 F.Supp. 777, loc. cit. 779, brought out an identical objective as follows: "We recognize the general principles of third-party practice to be such as to prevent the necessity of trying several related claims in different lawsuits and to enable them to be all disposed of in one action."

This opinion of a district judge is made authoritative by the decision on appeal to the Sixth Circuit, 126 F.2d 476. In a brief per curiam opinion the court said: "This case came on to be heard upon the record and briefs and oral arguments of counsel. And no reversible error appearing in the record, it is ordered that the judgment appealed from be and it hereby is affirmed for the reasons stated in the memorandum of the District Court, 36 F.Supp. 777."

The Cyclopedia of Federal Procedure, 2d Edition, Vol. 5, Section 1844, p. 527, also expresses the reasons back of Rule 14: "Its general purpose is to avoid two actions which should be tried together to save the time and cost of a reduplication of evidence, to obtain consistent results from identical or similar evidence, and to do away with the serious handicap to a defendant of a time difference between a judgment against him, and a judgment in his favor against the third-party defendant * * * It contemplates a joinder of actions where the circumstances are such that what might be termed in a sense secondary actions arise out of or in consequence of the actions originally instituted."

It will be seen from the foregoing that the facts bring the case squarely within the operation of Rule 14 and such rule should be invoked unless the "no-action" clause of the policy forbids.

3. The "no-action" clause is directly opposed to Rule 14. It poses a question as to whether the court should permit litigants to circumvent rules of court by contractual arrangements. Rule 14 was promulgated not only for the purpose of serving litigants but as a wise exposition of public policy. The object of the rule was to facilitate litigation, to save costs, to bring all of the litigants into one proceeding, and to dispose of an entire matter without the expense and the labor of many suits and many trials. The no-action provision of the policy is neither helpful to the third-party defendant, to the courts, nor generally is it in the interest of the public welfare. Its object is to put weights on the already too slow feet of justice. Moreover, such provision, if permitted to become effective, should not operate in this case for the reason that the third-party defendant is alleged to have breached its contract. According to the third-party complaint, it has declined to perform the obligation of its undertaking in any way. It has refused to defend the defendants or third-party plaintiffs and has declined to meet the expenses contemplated by its contract. Under such circumstances it should not be permitted to interpose contractual provisions of a contract it has repudiated.

4. The authorities cited by able counsel for the third-party defendant do not sustain the contentions urged on behalf of the third-party defendant. The rule was made inoperative in New York because of the statutory law of New York which accorded to litigants a substantive rather than a procedural right. The substantive right being at variance with the procedural rule was held to prevail in Brown v. Cranston, 2 Cir., 132 F.2d 631, 148 A.L.R. 1178. In Taverno v. American Auto. Ins. Co. et al., 232 Mo.App. 820, 112 S.W.2d 941, the court in substance held that the action of fraud in that case could not be maintained for the reason that the complaint did not state a cause of action. The case of Sporia v. Pennsylvania Greyhound Lines, 3 Cir., 143 F.2d 105, does not help the third-party defendant for the reason that the court in that case ordered a severance to the end that the parties might be rearranged for the purpose of trial. It involved but remotely the question of third-party practice. The opinion of Judge Moore, (Eastern District of Missouri) in Hagerhorst v. Indemnity Ins. Co. of North America, D.C., 30 F.Supp. 152, simply held that an action in equity could not be maintained where ample remedies were afforded the plaintiff at law. This decision was filed on August 25, 1939, whereas the Federal Rules of Civil Procedure became effective on September 16, 1938, and probably were overlooked in the decision of the case. The case of Dewalt v. State Farm Mut. Automobile Ins. Co., 8 Cir., 99 F.2d 846, rather tends to sustain the contention of the defendants or third-party plaintiffs. In that case the insurance company had denied that the plaintiff, who had recovered a judgment in a tort, had a right to proceed against the defendant for the recovery of a balance due on said judgment. The court held that, under the Missouri law and under the policy contract, the defendant became liable directly to the plaintiff. The policy in that case is very similar in its wording to the policy impleaded in this proceeding.

In view of the authorities, the motion of the third-party defendant ought to be and the same will be overruled.