SCHEVLING

v.

JOHNSON et al. (FIDELITY & CASUALTY CO. OF NEW YORK et al., third-party defendant).

McCANN

v.

JOHNSON et al. (FIDELITY & CASUALTY CO. OF NEW YORK et al., third-party defendant).*

Civ. Nos. 3807, 3900.

United States District Court
D. Connecticut.
April 28, 1953.

---

* These are two negligence actions brought each by a passenger in a Packard automobile owned by the defendant Florence E. Johnson, to recover damages for personal injuries caused in the operation of said automobile by Edward J. Toohey who had borrowed the same from Mrs. Johnson's son. Mrs. Johnson had temporarily put the Packard automobile in the possession of her son, Charles, pending repairs on another automobile, a Chevrolet, owned jointly by the son and his father. The plaintiffs originally sued Toohey, Mrs. Johnson and her son Charles and the actions were ordered consolidated for trial. The defendant Toohey impleaded the Fidelity and Casualty Company of New York and the Liberty Mutual Insurance Company on third-party complaints alleging that the former had issued a liability policy to Mrs. Johnson covering the Packard automobile directly involved in the accident and that the latter had issued a liability policy to Charles Johnson's father covering the Chevrolet automobile jointly owned by Charles and his father and any "substitute for the described automobile (Chevrolet)"; and that, although the terms of each of these policies were such as to require the insurers to indemnify Toohey for any judgment which the plaintiffs might obtain against him, each insurer had disclaimed liability and had refused to defend in behalf of Toohey. After denial of motions by the insurers as third-party defendants, for severance of the issues raised by the third-party complaints, the consolidated case came on for trial before a jury of the issues raised both by the original complaints and the third-party complaints against the insurers.

The jury found for the plaintiffs on their complaints against Toohey, and for Toohey on his third-party complaints against the insurers. Thereupon, the court, having reserved at trial decision on motions by each insurer for a directed verdict, ruled as stated in the instant memorandum.

See, also, D.C., 122 F.Supp. 85.

Samuel Engelman, Bridgeport, Conn., for plaintiff Schevling.

Walton E. Cronan, New Haven, Conn., for plaintiff McCann.

Daggett, Colby & Hooker, New Haven, Conn., Gumbart, Corbin, Tyler & Cooper, by Donald F. Keefe, New Haven, Conn., F. J. Moran, New Haven, Conn., for defendants Johnson et al.

HINCKS, District Judge.

The verdict against this third-party defendant (Liberty Mutual Insurance Company) imports a finding that within the meaning of the policy issued by the defendant the Packard car belonging to Mrs. Johnson was "a substitute for the described automobile"—i. e., the Chevrolet jointly owned by Ruppert Johnson, the named insured, and Charles, his son. There was ample evidence to support that finding.

The verdict also imported a finding that Toohey, the third-party plaintiff, was using the substituted automobile with the "permission" of the named insured, Ruppert Johnson. I think there was ample evidence from which the jury might have found that Charles had his father's implied permission to lend the Chevrolet. On this issue there was not only some evidence that the father knew of a course of conduct on Charles' part to lend the Chevrolet, but also and perhaps more important, the undisputed fact that the father made arrangements

to put title to the Chevrolet in Charles and himself jointly and thereafter left Charles in sole possession and control thereof. The father testified that his only reason for taking a joint interest in the car was to prevent Charles from selling it without his permission. From this arrangement and in view of all the circumstances there was room for the inference that, except for power to sell, the father was content that Charles should have all the rights of an owner including the right to lend. True, the father testified that once, when the car was purchased, he told Charles not to lend it. But his testimony as to this was in language so couched that the jury, if indeed it believed his testimony, especially in view of all the evidence as to subsequent events might have interpreted his language as intended as the advice of a somewhat cynical father rather than as a limitation of authority imposed by a co-owner. In any event, and quite apart from any course of action known to the father, the jury might reasonably have concluded that on the issue of authority the father's long continuing surrender of complete possession and control to Charles was more convincing evidence than his original fleeting observation on the hazards of lending.

And if the jury found that the father authorized Charles to lend the Chevrolet it was certainly reasonable for it to infer that the authority extended to any "substituted" automobile in Charles' exclusive possession for the time being.

Having in mind all the defendant's claims, it is my judgment that the verdict is neither unwarranted by the evidence nor based upon rulings inconsistent with law.

I must also overrule the ground of motion which attributes error to my ruling whereby the third-party case against the insurers and the negligence case against Toohey, the original defendant and the third-party plaintiff, were tried together before the same jury. I concede that not as much economy in judicial administration was achieved as I had expected when the ruling was made.

Nevertheless, at least some of the witnesses gave testimony which had some bearing both on the negligence case and the third-party case: they at least were spared attendance at two separate trials.

■■ However that may be, I am satisfied that no prejudice resulted to the third-party defendants from that ruling. There is no sensible basis for inferring that the verdicts against Toohey would have been less if the interests of the third-party defendants had not been frankly disclosed. In these days it is a matter of common knowledge that there is a wide coverage of the automobiles on the highways of this State by liability insurance and that for many automobiles on Connecticut highways such coverage is compulsory under the law of the State where the automobile was registered. It simply is not realistic, against the background of the swollen stream of negligence litigation with which every jury grapples, to think that but for the presence of these insurers in court the jury would have assumed that Toohey would have had to satisfy any verdicts rendered out of his own resources, and hence would have softened their verdicts. Nor is it sensible to think that a jury trying separately a direct action by Toohey against the insurers would have been more immune from considerations of sympathy or prejudice than was this jury.

■ Indeed, it is my personal opinion, based on other cases, that the disclosure in a negligence case of the presence of an insurer's interest tends to make a jury conscious of the impact of verdicts on insurance premiums and hence tends to emphasize the importance of the jury function. Such a result, obviously, is not prejudicial to insurers. Nor is it destructive of justice to plaintiffs. Justice does not require that law suits shall be torn from their context in contemporary life and be tried in an artificially produced vacuum. Occasionally, when the presence of an insurance company is disclosed through its inclusion as a named party or through inadvertence and especially when its pres-

**90**

ence is disclosed through improper tactics, there may arise need for the judge to make some reference to the relationship between verdicts and the structure of the insurance business in order to impress the jury with the need for a sense of responsibility in its verdict. But only undue cynicism will support the thesis that knowledge of the presence of an insurer's interest will necessarily distort a juror's judgment. I feel sure that such knowledge was not prejudicial here.

All motions of this defendant should be denied and it is

So ordered.

With the cases in this posture, the issues reserved for decision by the court without a jury should be brought on promptly. That done, a comprehensive judgment will be entered unless a party shall sooner by motion show cause for entry of a separate judgment under Rule 54(b), 28 U.S.C.A.