See also, 107 F.Supp. 549.

William ROHLFING et al.

v.

CAT'S PAW RUBBER CO., Inc., et al.

No. 50 C 229.

United States District Court
N. D. Illinois, E. D.

Dec. 10, 1954.

Francis Heisler, Richard Orlikoff, Chicago, Ill., for plaintiffs.

Lederer, Livingston, Kahn & Adsit, Chicago, Ill., for defendant Sears Roebuck and Co.

Sidley, Austin, Burgess & Smith, Chicago, Ill., for defendant Wieboldt.

Sonnenschein, Berkson, Lautmann, Levinson & Morse, Chicago, Ill., for defendant Howes.

LA BUY, District Judge.

Motion of Sears, Roebuck and Co.

The defendant Sears, Roebuck and Co., one of eight defendants alleged to operate chains of shoe repair stores or department stores having shoe repair departments, moves the court pursuant to Rule 56(d) of the Federal Rules of Civil Procedure, 28 U.S.C.A., to specify that the following material facts exist without substantial controversy:

(1) the defendant Sears made no purchases of shoe supplies from any of the defendants, except shoe polish from the defendants Griffin Manufacturing Co. and Knomark Manufacturing Co., and leather soles and strips from the defendant Howes Leather Co.;

(2) the defendant Sears had no knowledge (a) who the other purchasers were from said three defendants; (b) whether any of the plaintiffs purchased from said three defendants; (c) of the prices, rebates, or discounts granted by said three defendants to other customers; and (d) whether price

differentials to said defendants customers were justified;

(3) the three defendants from whom Sears made purchases made no sales to the plaintiffs;

(4) Sears is not engaged in the shoe repair business.

This motion is supported by answers of the three manufacturing defendants, Griffin, Knomark and Howes to plaintiffs' interrogatories that they made no sales to any of the plaintiffs and setting forth the sales made to the moving defendant Sears, and answer of Sears to interrogatories setting forth the purchases it made from the three defendants. In addition, eight affidavits have been filed by employees of Sears, Griffin, Knomark and Howes to the effect that Sears did not know and made no inquiries concerning the names of other persons purchasing from said defendants or whether any of the plaintiffs had made purchases from said defendants; that they did not know what prices, discounts or rebates, if any, were granted by any of said defendants to any of its customers; that they did not know whether any of said defendants made differing charges or granted differing discounts or rebates to any customers for products of like grade and quality; and that Sears did not operate any facilities for the repair of shoes and did not purchase any shoe supplies for use in the repair of shoes except for resale by it to its customers through its retail stores and mail order catalogues.

■ The plaintiffs have indicated they do not intend to submit any counter-affidavits as contemplated by the purpose of Rule 56. A duty rests upon the opposing party to act diligently and in good faith to controvert the material presented in support of such a motion and the rule does not contemplate that he should withhold his evidence until the trial. Nevertheless, it is equally established that a failure to file counter-affidavits does not necessarily mean that the moving party is entitled to judgment.

■ Rule 56(d) and its mandate relating to specification of facts is only applicable where favorable action on a motion for summary judgment will not completely dispose of the case and further proceedings in the nature of a trial may be necessary. Axton-Fisher Tobacco Co., Inc. v. Ziffrin Truck Lines, Inc., D.C.Ky.1941, 36 F.Supp. 777, affirmed, 6 Cir., 126 F.2d 476. Thus, where a moving party is technically entitled to a summary judgment, but where the court in its discretion will not enter such a judgment, the court should specify the facts established by the motion.

In the instant motion the question is whether the defendant Sears is entitled to a judgment as a matter of law on those uncontroverted facts established by the evidence it presents in support of its motion. These facts bear upon the issue of Sears' direct participation in the alleged price discrimination which resulted in plaintiffs' alleged damages. Is it practical for the court to render a judgment that this defendant is not guilty of violation of the Robinson-Patman Act, 15 U.S.C.A. §§ 13, 13a, 13b, 21a, and yet not decide whether it is guilty of the conspiracy allegedly violating the antitrust statutes. In its memorandum of January 29, 1954 this court stated in effect that while documents in support of some of the defendants' motions show they did not participate in the overt acts of damage if in fact they were parties to a conspiracy to do so, they can be held liable for injuries suffered by the plaintiffs.

■ Rule 56(d) does not authorize the initiation of motions for summary judgment, the sole object of which is to adjudicate issues of fact which are not dispositive of any claim or part thereof. The present motion, if granted, will not dispose of any of the claims or issues presently before the court. Whether or not Sears violated the Robinson-Patman Act does not dispose of a material issue present here; that is, whether it par-

ticipated in a conspiracy with others to violate the antitrust statutes.

The motion for summary judgment is denied, and an order in accord therewith is this day entered.

Wieboldt Stores, Inc.

The defendant, Wieboldt Stores has filed its motion for reconsideration of the court's denial of its motion for summary judgment. It is asserted that its motion for summary judgment, together with the supporting documents, was directed to the issue of conspiracy as well as the issue relating to price discrimination activities; that, therefore, the request for specifying the issues which are in dispute and those which are not should be made since the evidence supporting the motion reveals there is no dispute as to a genuine issue of material fact.

With respect to the conspiracy charge Wieboldt Stores rely on the following evidence to establish that it was not or could not be a party to any conspiracy as alleged in the complaint:

(1) Sworn answer denying participation in any conspiracy;

(2) Sworn answer asserting lack of knowledge of existence of such conspiracy;

(3) Affidavit of O. M. Lynch and sworn answer to complaint that Wieboldt is not engaged in the shoe repair business;

(4) Answers to interrogatories and affidavit of O. M. Lynch that Wieboldt Stores did not purchase shoe repair materials or shoe service supplies from any of the co-defendants;

(5) Answers to interrogatories that Wieboldt did not purchase or sell shoe repair material from or to anyone and did not purchase or sell shoe service supplies except incidentally;

(6) The many facts supported by copies of lease agreements between Wieboldt and Public Shoe Service and affidavit of Ben Weinstein, President of Public Shoe Service, that show that Wieboldt. had no control or responsibility over Public Shoe Service Corporation over and above the written lease between them.

It is urged this proof establishes that Wieboldt would have had no motive or intent in being a party to the alleged conspiracy, and that even if the alleged conspiracy is proved to exist, Wieboldt was not and could not have been a party since the only connection with the case so far as it is concerned derives from the fact that it has leased space in its stores to a concessionaire, Public Shoe Service Corporation, which is involved in the business which is the subject of this suit; that this is conceded in effect by virtue of a letter written March 25, 1953 by plaintiffs' counsel to Wieboldt's counsel.

Thus, Wieboldt urges that the sole determinative factor of its liability, if any, rests in the legal effect to be given the lease arrangement with Public Shoe Service Corporation. In the event of a holding that Public Shoe Service Corporation is an independent contractor, does the evidence supporting the motion resolve that there exists no issue regarding Wieboldt's participation in the alleged conspiracy? That evidence, apart from the lease and affidavit of C. H. Lynch, is that Wieboldt does not operate shoe repair outlets, that it made no sales or purchases from any of the co-defendants, and that it denies knowledge or participation in any conspiracy.

Both Wieboldt and Public Shoe Service Corporation are named defendants in this suit. A relationship between these defendants other than contractual is alleged to exist—that relationship is asserted by virtue of an alleged combination and conspiracy. The evidence supporting the motion for summary judgment as it relates to conspiracy consists of a sworn denial of knowledge or participation in a conspiracy, a sworn answer that it operates no shoe repair outlets and the conclusion that Wieboldt could not be a party to any conspiracy

**430**

because it is not a competitor of plaintiffs.

 It is recognized that actual proof of a conspiratorial agreement cannot in the nature of things usually be made, so that it must often be inferred from proof of acts of the parties and the circumstances in connection therewith. The issue of conspiracy is always a fact; that issue remains a material issue in the instant case. Whether or not the court concludes as a matter of law at this time the nature of the relationship between Wieboldt Stores and Public Shoe Service Corporation does not eliminate the issue of participation in a conspiracy.

The motion for summary judgment is denied, and an order in accord therewith is this day entered.

Howes Leather Company, Inc.

Howes Leather Company, Inc. has moved pursuant to Rule 34 for the production "of papers and documents underlying" the stipulated dismissals of eleven defendants to this action, and for good cause states it desires said papers and documents in order to ascertain (1) whether any such document or paper constitutes a release of Howes Leather Company; (2) whether any such document or paper affects the claims asserted against Howes Leather Company; and (3) the amount of money paid by the dismissed defendants to effect their dismissal.

The plaintiffs oppose said motion on the following grounds: (1) no good cause has been shown to support the requested production, and in any event the dismissal of one joint tort feasor does not release another; and (2) the papers and documents in connection with said dismissals are privileged.

■  The rule is that a release of one of several joint tort feasors will release all who are jointly liable with him. Rector v. Warner Bros. Pictures, D.C. Cal.1952, 102 F.Supp. 263; 76 C.J.S., Release, § 50, page 682, footnote 48. The

issue of whether the movant has been released, though not raised by the pleadings is relevant and the information sought is not privileged. The court is of the opinion that production should be made of the final documents constituting the agreement between the parties relating to the dismissal of the action and no other papers and documents which preceded the final execution of the settlement or release papers. With respect to the amounts paid to the dismissed defendants, the court is of the opinion that unless contained in the settlement papers, disclosure should be delayed until hearing on the merits.

The motion to produce documents in the respects noted above is allowed and an order has this day been entered in accord therewith.