**Roy ROSALIS, d/b/a Union Fisheries Sales Company, Plaintiff,**

**v.**

**UNIVERSAL DISTRIBUTORS, Inc., Defendant and Third-Party Plaintiff.**

**Ætna Insurance Company, Third-Party Defendant.**

**Civ. A. 5534.**

United States District Court
D. Connecticut,
Civil Division.

Oct. 25, 1957.

ter the plaintiff filed a demand for a jury trial and took oral depositions in preparation for trial. In March 1956 Judge Smith made a pre-trial order which is set out in the margin.[1] Nothing further occurred until September 24, 1957 when defendant moved under Rule 14(a), Fed. Rules Civ.Proc., 28 U.S.C.A., for leave to implead its insurer, Aetna. This motion was granted by Judge Anderson on plaintiff's consent and without notice to Aetna. Promptly after service of summons on the third party defendant, it moved to dismiss the third party complaint.

Under Rule 14(a) a third party complaint may be filed against a person not a party to the action "who is or may be liable" to the defendant for all or part of the plaintiff's claim against him. Aetna does not assert in its motion papers that it may not be liable to indemnify its insured, if Rosalis obtains a judgment against Universal. It asserts only that the question of liability under its policy is doubtful, without referring to the particular clauses which create the doubt.[2] Nor has the movant argued that the third party complaint should be dismissed because plaintiff's complaint states no cause of action against Universal.[3] Viewed strictly as a motion to dismiss, the motion must be denied.

Wallace W. Brown, Gross, Hyde & Williams, Hartford, Conn., for third party defendant-movant.

Lawrence Liebman, Morris Gamm, Hamden, Conn., for defendant and third-party plaintiff.

SWAN, Circuit Judge.

The original action by Rosalis sought damages for breach of contract by Universal. The complaint was filed May 20, 1955. Federal jurisdiction was based on diverse citizenship, the plaintiff being a citizen of Mississippi and the defendant a Connecticut corporation. The defendant's answer denied making the contract alleged in the complaint. Thereaf-

[1]. "Date of Conference: February 16, 1956 at New Haven, Conn.

"Breach of contract action based on non-delivery of truckload of shrimp. One Baker, an employee of the defendant, went South with a truckload of goods for the defendant and returned North with a truckload of shrimp, part consigned to Baltimore and part to New York. Baker arrived at Baltimore with the load of shrimp; later the trailer, with part of the shrimp cargo missing, and a portion of the rest spoiled, was found in Baltimore. The tractor was later located elsewhere. The defendant denies that Baker entered into the contract with Gateway Inc. alleged in paragraph 5 of the complaint and denies that Baker signed the purported contract in possession of the plaintiff, claiming that his purported signature thereto is a forgery. " * * * * *

"On list of cases ready for trial to the jury at New Haven.
"Dated at Hartford, Connecticut, this 1st day of March, 1956."

[2]. A photostat of the policy is appended as an exhibit to the third party complaint but the photostat is so poor that much of it is illegible.

[3]. Some basis for such an argument might be found in the ambiguity of the complaint, which alleges that plaintiff made a contract with Gateway Inc. whereby Gateway "undertook to arrange for the shipment" of a quantity of frozen shrimp; and that "in order to fulfill its contractual arrangement with the plaintiff," Gateway made a contract with the defendant "who undertook the delivery of the said shipment by making available a certain tractor and refrigerator trailer for said shipment." This is ambiguous. If it means that Universal promised Gateway to discharge Gateway's contractual

Although denominated a motion to dismiss, the motion may properly be viewed as a motion to vacate the prior order granting leave to bring in Aetna as third party defendant. Such a motion is familiar practice. Jordan v. Stephens, D.C., 7 F.R.D. 140; Jenkins v. Black & White Cab Co., D.C., 15 F.R.D. 5. In argument the movant suggested that its motion might be so viewed and opposing counsel conceded that it might be. It will be so considered.

The motion of September 24th to implead Aetna was signed by Mr. Morris Gamm, who had entered his appearance as attorney for defendant shortly after the original action was commenced. Aetna's motion to vacate the order permitting impleader challenges the authority of Mr. Gamm to act as attorney for defendant in respect to impleading Aetna. Before defendant's answer was filed counsel for Aetna was requested to take over the defense, and Mr. Wallace W. Brown entered his appearance as attorney for defendant. Mr. Brown prepared defendant's answer and attended at the oral depositions taken by plaintiff and at the pre-trial conference. Mr. Gamm apparently took no part whatever in the defense of the case, and in November 1955 he moved for permission to withdraw as counsel for defendant. This motion was not granted. Hence in September 1957 both he and Mr. Brown were attorneys of record for Universal. Although Mr. Brown had taken over completely defense against plaintiff's action, this would not, in my opinion, bar defendant from impleading its insurer, who refused to admit contingent liability. Universal would naturally employ the services of an attorney other than Mr.

Brown, who might have to discontinue representation of defendant, if he wished to act as attorney for Aetna as third party defendant.[4] Mr. Gamm as general counsel for Universal would be the attorney whom it would most naturally consult. In the absence of any suggestion that Universal did not know that Mr. Gamm signed the third party complaint on its behalf or, with knowledge of his act, did nothing to repudiate it, Mr. Gamm's authority is sufficiently established.

Granting an order for leave to file a third party complaint is a discretionary matter. 3 Moore's Federal Practice (2nd ed.), Section 14.05. The motion must be timely. Moore, Section 14.18. Aetna claims that the order should be vacated because Universal's motion was not timely. It is true that the motion was made nearly 27 months after the answer and more than 18 months after the pre-trial order which recites "On list of cases ready for trial to the jury at New Haven." Why it was not reached for trial before the third party complaint was filed nor how soon thereafter it was likely to be reached does not appear. Aetna does not show itself prejudiced by the delay in filing the third party complaint.

The strongest argument advanced for vacating the order of impleader is the claim that the jury will be prejudiced in favor of plaintiff if it learns that defendant carries insurance. This subject is discussed in Moore, Section 14.12. In Schevling v. Johnson, D. C. Conn., 122 F.Supp. 87, affirmed on opinion below, 2 Cir., 213 F.2d 959, Judge Hincks allowed the impleader of an insurer in a tort action because he thought

obligations to plaintiff, plaintiff is a third party creditor beneficiary. Corbin on Contracts, Vol. IV, Section 787; Restatement, Contracts, Sections 133, 136; see Socony-Vacuum Oil Co. v. Continental Casualty Co., 2 Cir., 219 F.2d 645. If it means that Universal promised Gateway to supply the means by which Gateway would deliver the shrimp, plaintiff is an incidental beneficiary and has no right against Universal. Restatement, Contracts, Sections 133, 147. Nothing appears in the record at present to permit determination of which interpretation is correct. The evidence on the trial may clear this up.

4. But see Rule 42(b), F.R.C.P.

that jurors are so well aware of the fact that automobile owners ordinarily carry liability insurance that no prejudice would result from allowing the impleader. Other cases to the same effect might be cited. However, Judge Hincks' decision is not precisely in point because the present case involves a breach of contract for non-delivery of goods carried in a trailer truck, not personal injuries sustained in an automobile collision. But I am of opinion that it is equally common knowledge among jurors that truckers customarily insure their cargo. Indeed, interstate motor carriers are required to do so. 49 C.F.R. Section 174.1. Hence I do not think the prejudice argument should prevail.

The question of ancillary jurisdiction is satisfactorily discussed in Moore, Sections 14.25, 14.26.

Accordingly the motion, viewed as one to vacate the impleading order, is denied.