B–AMUSED COMPANY, Inc., Plaintiff,

v.

MILLROSE SPORTING CLUB, INC., and
Louis Figari, Defendants.

MILLROSE SPORTING CLUB, INC., and
Louis Figari, Third-Party Plaintiffs,

v.

FIREMAN'S FUND INDEMNITY COM-
PANY, Third-Party Defendant.

Civ. A. No. 15000.

United States District Court
E. D. New York.

Dec. 17, 1958.

Thomas P. Curtin, New York City, for third-party defendant, by Robert E. Curran, and John G. Cregan, New York City, of counsel.

Charles F. McAteer, Jr., Staten Island, for plaintiff, by Wallace Barry, of counsel.

James J. Geraghty, Huntington, Substituted Attorney for defendants and third-party plaintiffs.

BYERS, Chief Judge.

This is a motion by the third-party defendant to sever the third-party action and provide for the trial of the same before a jury other than the one which shall hear the plaintiff's case against the defendants.

The litigation arises by reason of the collapse of one or more grandstands at Dover Speedway in the State of New Jersey on June 12, 1954.

The pleadings and the papers on the motion, seem to indicate that the issue between the plaintiff and the defendants involves the legal relationships between the former, which managed and operated the Speedway, and the latter, who were holders of a concession to purvey various articles, and who built and rented the grandstand to the plaintiff.

Seemingly that issue will involve the precise nature of their contractual relations, and whether the collapse indicated negligence in the building of the stand

by the defendants, or its maintenance by the plaintiff.

The third-party defendant is an insurance company (to be called Fireman's) which issued a "Comprehensive General Liability policy" to the defendants who are third-party plaintiffs; it was in effect at the time of the happening.

The complaint was filed in the month of December, 1954 and an answer was promptly filed by Fireman's pursuant to the obligations of its policy to defend the action.

Pursuant to order of this court, the third-party complaint was filed on March 8, 1957 against Fireman's, and the answer thereto on April 10, 1957.

The issues so raised concern questions of coverage, and obviously a resolution of those issues will turn in part upon the nature of the obligations attaching to the defendants toward the plaintiff, namely its contractual relations as above referred to; and whether apart from the contract, there was negligence attributable to the defendants, giving rise to the plaintiff's asserted cause.

The third-party defendant has made this motion after the lapse of about twenty months from the filing of its answer to the third-party complaint, and concededly the reason for the delay is to be explained by the fact that on June 25, 1958 the Court of Appeals for the State of New York decided the case of Kelly v. Yannotti, 4 N.Y.2d 603, 176 N.Y.S.2d 637, 152 N.E.2d 69. While the facts are not precisely similar to those here involved, the reasons given by the court in that decision might be thought to justify this motion, notice of which was given under date of October 29, 1958.

■ Since the question decided by the State Court of Appeals has to do with matters of practice, it is not an authority which this court is required to follow, since it does not fall within the decision of Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188.

Fireman's urges that the issue of negligence as between the plaintiff and the defendants is quite different from the issue of coverage, and it is that argument which is now being examined.

Manifestly, if the jury should not find the defendants liable to the plaintiff, the question of coverage would not be important; assuming, however, a contrary result, it must be clear that such an issue will necessarily enter into a proper disposition of the question of coverage.

If the latter were not a subject of controversy, and the argument were advanced that the mere presence of an insurance company in the cause between the plaintiff and the defendants should dispose the court to grant the motion, it would carry little or no weight.

In this day and generation, nearly every juryman knows that the average negligence case is being defended by an insurance company. This subject was very clearly expounded by Judge Hincks in the case of Schevling v. Johnson, D.C., 122 F.Supp. 87, which was affirmed on appeal. See also Rosalis v. Universal, D.C., 21 F.R.D. 169, and there are other cases which could be cited to this effect.

The idea seems to die hard that what jurors know in their every day business experience they close their minds to, when deliberating as jurors; this court is unwilling to give countenance to such a view.

The argument is further made that in deciding the issues between the plaintiff and the defendants, the jurors might be expected to deal the more liberally with the plaintiff if it was aware that there is also involved in the litigation the question of coverage; and that if it were to bring in a verdict in favor of the plaintiff, it would be the less willing for that reason, to carefully weigh presentation in favor of the position taken by the third-party defendant.

This really gets into the field of metaphysics rather than actuality.

The question of coverage is very considerably a matter of construction of the contract between the third-party litigants, which would be a matter for the court to decide.

The policy contains affirmative undertakings which are limited by restrictions and exceptions as is customary in insurance policies. It seems to this court that the case as a whole is particularly adapted to disposition in one trial, since the trial judge will possess the power under Rule 49 F.R.Civ.P., 28 U.S.C.A., to order a special verdict as to the separate issues; having that result in mind, it will be possible to direct the course of the trial so that the issues between the plaintiff and the defendants, and between the defendants and Fireman's can be so clearly delineated, that the ends of justice will be served and the rights of the several parties protected in one litigation.

It results from the foregoing that in the opinion of this court, the motion should be and hereby is denied.

Settle order.