Robert E. CROCKETT, Plaintiff,

v.

Gary BOYSEN, a minor, by his parent and guardian ad litem, Harvey Boysen, Defendant and Third-Party Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a corporation, Third-Party Defendant.

No. 1–59–Civ.–270.

United States District Court
D. Minnesota,
First Division.
Oct. 12, 1960.

F. J. O'Brien, Rochester, Minn., for plaintiff.

John S. Gowan, Jr., Rochester, Minn., for defendant and third-party plaintiff.

Joseph N. Moonan, Waseca, Minn., for third-party defendant.

DEVITT, Chief Judge.

This is a motion for reconsideration of this court's order entered May 26, 1960 denying third-party defendant's (State Farm) motion for a separate trial of the issues between the original defendant (Boysen) and State Farm.

The controversy arises as a result of an automobile accident on August 19, 1957 near Stewartville, Minnesota, involving the plaintiff (Crockett) and Boysen. Crockett commenced a personal injury action for $75,000 in the state district court against Boysen. Thereafter, Boysen impleaded State Farm under Rule 14.01, Rules of Civil Procedure for the District Courts of Minnesota.[1] State Farm, in November of 1959, moved the case to this court on the basis of diversity of citizenship.

State Farm contends that an insurance policy issued to defendant Boysen was cancelled by written notice mailed twelve days prior to the accident. The policy required the company to give not less than ten days' notice to the insured. The third party defendant moved for a separate trial on the insurance cancellation issue. It was denied. State Farm then moved for a rehearing and reconsideration of the court's order. Another hearing was held on September 12, 1960 and briefs were filed.

State Farm argues that, since it is an insurance company, it will be prejudiced if the personal injury action is not separated from the controversy involving the alleged cancellation of the liability policy. It contends that the evidence submitted in the negligence action will have no bearing on the issue of whether the insurance policy was cancelled in time by proper notice. State Farm believes that the serious injuries of the plaintiff will influence the jury in its determination of the cancellation issue.

 This court has power under Rule 42(b), Fed.R.Civ.P., 28 U.S.C.A. to order separate trials of issues to avoid prejudice.[2] The decision whether to exercise this power lies in the discretion of the trial court. See Bowie v. Sorrell, 4 Cir., 1953, 209 F.2d 49, Seven-Up Company v. O-So Grape Co., D.C.S.D.Ill.N.D. 1959, 177 F.Supp. 91. The court in using its discretion must consider, along with the problem of possible prejudice, the inconvenience to parties and the extra time involved in trying separate actions. This facet of the problem was expressed in 1A Barron & Holtzoff, "Federal Practice & Procedure" p. 692, as follows:

> "It seems fair to conclude that impleader of defendant's insurer should be allowed as a matter of course, and that the question of whether to order separate trials in a jury case should be determined with an eye to the realities of judicial administration."

It is my view that State Farm will not be prejudiced by having the cancellation issue tried with the personal injury action. The theory has been prevalent for years that an insurance company will be prejudiced if the jury learns that it is interested in the outcome of an action. There is considerable evidence, however, that this doctrine has been breaking down for the simple reason that most jurors know that an insurance company is involved in almost every personal injury action. See Schevling v. Johnson, D.C.Conn.1953, 122 F.Supp. 87, 89–90, affirmed on the opinion below, 2 Cir., 1954, 213 F.2d 959; B-Amused v. Millrose Sporting Club, Inc., D.C.E.D.N.Y.1958, 168 F.Supp. 709; Sander v. Dieseth, 1950, 230 Minn. 125, 40 N.W.2d 844; Odegard v. Connolly, 1941, 211 Minn. 342, 1 N.W.2d 137, 139.[3]

---

1. Almost identical with Rule 14(a), Fed. R.Civ.P., 28 U.S.C.A.

2. "(b) Separate Trials. The court in furtherance of convenience or to avoid prejudice may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counter-claims, third-party claims, or issues."

3. See also "The Liability Insurer as a Real Party in Interest: Proposed Amendments to the Minnesota Rules of Civil Procedure," 41 Minn.L.Rev. 784 (1956-57).

In the 1941 Odegard case, the Minnesota Supreme Court used these words:

"We think too much is made of the fact that parties to an automobile collision carry insurance. It is safe to assert that the majority of every jury, called to try such a case in the Twin Cities, comes from families owning cars carrying liability insurance. Every person fit to be a juror knows that none but the wholly irresponsible and reckless fail to carry liability insurance on the car they own or drive. Owners of cars for the protection of their families and guest passengers carry such insurance. So long as the insurance is not featured or made the basis at the trial for an appeal to increase or decrease the damages, the information would seem to be without prejudice."

■ In most jurisdictions, an insurer may not be joined with the insured in a tort action. That is the law in Minnesota but, nevertheless, jurors may be questioned as a group to determine whether they have any interest in the insurance company involved, Lesewski v. Nielsen, 1959, 254 Minn. 286, 95 N.W. 2d 13, and it is not reversible error when the fact of insurance is inadvertently revealed several times during the submission of evidence, Ostrowski v. Mockridge, 1954, 242 Minn. 265, 65 N.W.2d 185, 47 A.L.R.2d 733. Unless the information as to insurance is revealed to the jury in such a way as to "inflame or prejudice" them, no error exists sufficient to require a new trial. Lesewski v. Nielsen, 1959, 254 Minn. 286, 95 N.W. 2d 13; Martin v. Schiska, 1931, 183 Minn. 256, 236 N.W. 312.

■ I conclude that the mere fact the jury will know an insurance company is involved in this action does not constitute a sufficient reason for separating the issues for trial.

The motion for a separate trial of the cancellation issue is denied.