JOHN W. MURPHY *v*. EDWARD T. KEANE, SR.

SUPERIOR COURT    NEW HAVEN COUNTY    FILE NO. 109846
AT NEW HAVEN

Memorandum filed January 30, 1967

*Robert J. Gillooly,* of New Haven, for the plaintiff.

*Garvey, Colleran & Weiner* and *Pouzzner & Hadden,* of New Haven, for the defendant.

DEVLIN, J. The question presented is whether an insurer who has disclaimed liability under a policy of insurance can be impleaded under General Statutes § 52-102a.

Our statute was apparently modeled after Rule 14 of the Federal Rules of Civil Procedure. The statute provides in part: "A defendant in any civil action may move the court for permission as a third-party plaintiff to serve a writ, summons and complaint upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him." The purpose of the rule is to facilitate litigation, to save costs, to bring all of the litigants into one proceeding, and to dispose of an entire matter without the expense and labor of many suits and many trials.

Under federal decisions, the application of the rule to the insurer seems to be well settled. *Jordan v. Stephens,* 7 F.R.D. 140; *Rosalis v. Universal Distributors, Inc.,* 21 F.R.D. 169; *Knapp v. Hankins,* 106 F. Sup. 43. There is no logical reason why this court should not adopt the same procedure.

Motion granted.