**Nathan LOWERY, p.p.a. Joan Lowery**
**v.**
**Peter J. KOVAC.**
**Civ. No. 11877.**

United States District Court,
D. Connecticut.

Dec. 28, 1970.

Richard L. Jacobs, Jacobs, Gray & Messinger, New Haven, Conn., for plaintiff.

George E. McGoldrick, New Haven, Conn., for defendant Kovac.

## MEMORANDUM OF DECISION

ZAMPANO, District Judge.

The issue before the Court involves the interpretation of the omnibus clause of a public liability insurance policy issued by the third-party defendant herein, United States Fidelity and Guaranty Company.

On December 17, 1966, Nathan Lowery, a plaintiff in this action, and Patricia Pelz, a plaintiff in Civil Action No. 12001, were seriously injured in an automobile accident in New Haven, Connecticut. At the time, the vehicle was being operated in a negligent manner by Peter J. Kovac, a Yale student and a defendant in both suits. The *Pelz* case was settled prior to trial by Kovac's insurer, Federal Insurance Company, for $60,000; the *Lowery* suit was settled after several days of trial and the same insurance company paid him $170,000 in damages. In this third-party action Federal seeks to establish that the United States Fidelity and Guaranty Company, as the insurer of the owner of the automobile in question, bears primary responsibility for these payments up to the limits of its policy.

When the accident occurred, Kovac was driving a 1965 Volkswagen sedan automobile owned by Harlan Pahlka, a resident of Oklahoma City, Oklahoma, and insured under a Family Automobile Policy issued on April 15, 1966, by the third-party defendant insurer. The parties agree that coverage under the omnibus clause of the policy as written extended to any person using the vehicle with the permission of the named insured, Harlan Pahlka.

While the insurance was in force in August 1966, William Pahlka, the son of Harlan Pahlka, requested his father's permission to take the car to Yale College and use it during the school year. Harlan Pahlka testified by deposition that he acceded to the request only after his son agreed that "no one, except himself, was to ever drive that vehicle, under any circumstances." William took the car to New Haven and on at least ten occasions permitted classmates to use the car. In December 1966, William returned to Oklahoma for the Christmas recess to visit his parents and to be married, leaving the automobile in New Haven in the care of a fellow-student, Gary Drobnack. Drobnack had William's permission to use the car while William was on vacation.

On December 17, 1966, the defendant Peter Kovac asked Drobnack if he could borrow William's automobile to take his

girlfriend, Patricia Pelz, to a movie and to drive the plaintiff Nathan Lowery to his home in New Haven. Drobnack gave Kovac the keys to the vehicle and the accident occurred while Kovac was driving the car with Pelz and Lowery as passengers.

## I.

A threshold question raised by the parties is whether the law of Connecticut or the law of Oklahoma applies.

■ The general rule is that, in the absence of a showing that an insurance contract is to have its operative effect in a jurisdiction other than the place it was entered into, the validity and construction of the contract are determined by the law of the state where the contract was made. Jenkins v. Indemnity Ins. Co., 152 Conn. 249, 253, 205 A.2d 780 (1964).

■ In the instant case the declarations in the policy indicate that the named insured, Harlan Pahlka, and the company's agent were residents of Oklahoma City, Oklahoma. The policy was issued in Oklahoma and provided coverage for two family automobiles, the Volkswagen in question and a Chevrolet, both of which were registered in the State of Oklahoma and both of which were to be principally garaged in Oklahoma City. At the time the renewal policy was executed in April 1966, it was not known that William would be permitted to take his father's car to Yale. Thus the law of Oklahoma must govern here because at the time the policy was issued the parties intended that it was to have its beneficial operative effect and performance in that state. Cf. Breen v. Aetna Cas. & Sur. Co., 153 Conn. 633, 638, 220 A.2d 254 (1966); see also Travelers Corp. v. Kaminski, 304 F.Supp. 481, 488 (D.Md.1969).

In any event, it seems clear to the Court that, for the reasons stated hereinafter, the so-called "liberal" law of Connecticut and the so-called "conservative" approach of the Oklahoma courts command the same result when applied to the facts of this case.

## II.

■ The main issue presented is whether on December 17, 1966, the operation of Harlan Pahlka's automobile by the defendant Kovac was covered under the omnibus clause of the insurance policy issued by the third-party defendant to Pahlka. In other words, the Court must decide whether Kovac was using the insured vehicle with the permission of the owner, Harlan Pahlka.

■ Certain general principles are applicable. Under the provisions of the omnibus clause a named insured may extend the coverage of the policy to others by granting a permission to use the vehicle. Once permission is granted by the named insured to his permittee, the authority of the first permittee to further extend coverage to a second permittee depends on whether the named insured granted permission to the first permittee to lend the car to others. St. Paul Fire and Marine Ins. Co. v. Dean, 308 F.Supp. 1378, 1383 (W.D.Ark.1970); Schevling v. Johnson, 122 F.Supp. 87, 88 (D.Conn.1953).

■ Such permission may be express, or implied from the circumstances. See, e. g., Duff v. Alliance Mut. Cas. Co., 296 F.2d 506, 508 (10 Cir. 1961) (Oklahoma law); Schevling v. Johnson, supra (Connecticut law). Implied permission may arise not only by a definite arrangement between the named insured and his permittee, but also it may be inferred from "evidence tending to show a course of conduct or practice known to the owner and acquiesced in by him or by someone having authority to give permission." Sunshine Mut. Ins. Co. v. Mai, 169 F. Supp. 702, 705 (D.N.D.1959). See also Tomasetti v. Maryland Cas. Co., 117 Conn. 505, 508, 169 A. 54 (1933).

Applying these rules to the facts of the instant case, the Court is of the opinion that Kovac's operation of the insured vehicle on the day in question was not within the coverage afforded by the omnibus clause of the policy issued by the third-party defendant.

The named insured, Harlan Pahlka, gave permission to the first permittee,

William Pahlka, to use the car at college. The first permittee placed custody of the vehicle in a second permittee, Gary Drobnack, during the Christmas recess and he, in turn, allowed the accident-driver, Peter Kovac, to borrow the automobile for a personal errand. While the car was being passed down through this chain of permittee-drivers, it is conceded that the named insured had not given express permission to the second permittee or the third permittee to operate it, and that the first permittee had no knowledge that the third permittee or anyone other than the second permittee would drive the car in his absence from college.

Moreover, there is no sound basis to infer an implied permission. While the Court is not bound to accept the Pahlkas' deposition testimony that William was instructed not to lend the car to other students, the fact remains that their testimony is uncontroverted and there is nothing in the cross-examination to cast doubt on their credibility. The record is barren of any evidence that prior to attending college William ever permitted another to drive the car or that William on any other occasion had violated his parent's orders with respect to the vehicle. The "pattern of disregard" obvious in State Farm Mut. Auto. Ins. Co. v. Williamson, 331 F.2d 517, 519 (9 Cir. 1964), as well as the "fleeting observation on the hazards of lending" by a "somewhat cynical father" found by Judge Hincks in Schevling v. Johnson, supra, 122 F.Supp. at 89, are absent here.

█ Even if the Court were to discount the Pahlkas' testimony on the point, "it is settled law that the named insured's mere permission to another to use the automobile does not of itself authorize the permittee to delegate his right of use to a third person so as to bring the latter within the coverage of an omnibus clause." St. Paul Fire and Marine Ins. Co. v. Dean, supra, 308 F. Supp. at 1383. See also State Farm Mut. Auto. Ins. Co. v. Williamson, supra, 331 F.2d at 519. This rule is subject to

"a broad qualification in terms of the scope of the named insured's initial grant of permission." *Id.* However, the record here does not support the conclusion that William had broad and unfettered dominion over the automobile or that Harlan Pahlka anticipated his initial permission encompassed the authority for a third permittee to drive the car. This is especially true when other facts are weighed in the balance: Kovac was not a roommate, a fraternity brother, or even a close friend of William's, he had never operated the car before the accident, he was warned by Drobnack that if he drove the car "there was no insurance on the car" (certainly indicating that Drobnack suspected he was exceeding his power to lend the car), and that his use of the automobile served no purpose, benefit, or advantage to either Harlan or William Pahlka. Cf. Gillen v. Globe Indem. Co., 377 F.2d 328, 332 (8 Cir. 1967); Samuels v. American Auto. Ins. Co., 150 F.2d 221, 223 (10 Cir. 1945); Fireman's Fund Ins. Co. v. Brandt, 217 F.Supp. 893, 894 (D.N.H. 1962). These facts and circumstances compel the conclusion that no permission can be implied whereby Kovac would be brought within the coverage of the Pahlka policy.

█ This is not to say that public policy, so heavily relied upon by the third-party plaintiff, has been regarded lightly by the Court. An omnibus clause is inserted in an insurance policy for the protection of the public as well as the insured and, therefore, must be construed liberally. State Farm Mut. Auto. Ins. Co. v. Williamson, supra, 331 F.2d at 519; St. Paul Fire and Marine Ins. Co. v. Dean, supra, 308 F.Supp. at 1385; Travelers Corp. v. Kaminski, supra, 304 F.Supp. at 493. Moreover, the Court is well aware that a parent who grants permission to his son to use a family automobile at college knows or reasonably should know and foresee that other students would seek to use the vehicle. It is common knowledge that a student who possesses a car at school more often than not permits his classmates to bor-

row the vehicle for personal errands or for the common purposes of the group. Any claim of limitation on use in these circumstances must bear careful scrutiny since a normal and expected lending of an automobile is within the coverage of the omnibus clause of an insurance policy. In the usual student-permittee situation it might fairly and logically be reasoned that an owner's mere prohibition of use, without more, is only a wishful direction or ' word of caution which the student-permittee, in the exercise of his own discretion, is free to disregard. Coverage under the policy for a sub-permittee's use would justifiably follow.

Here, however, we simply do not have the typical student-permittee case. To hold that under the present combination of facts and circumstances Kovac had Harlan Pahlka's implied. permission to operate the car would be wholly unrealistic, and would in effect rewrite the contract between the third-party defendant and its insured.

Accordingly, the Court finds that the insurance policy of the United States Fidelity and Guaranty Company does not provide coverage for Kovac. Settle order on notice.