[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff was injured when his car was struck by a tractor-trailer driven by Timothy Masajada. Thereafter, the plaintiff instituted an action against the tortfeasor Masajada, insured by Great West Casualty Insurance Company (Great West), and the owner of the truck, insured by Michigan Mutual Insurance Company (Michigan Mutual). The plaintiff's employer, Vernier Metal Fabricators, Inc. (Vernier), was granted permission to intervene in the initial case. Masajada entered into a stipulated judgment for $1.2 million with the plaintiff and his employer, who was providing worker's compensation benefits. The plaintiff commenced the present action against Michigan Mutual when the judgment was more than thirty days overdue as required by Sec.38a-321 of the General Statutes. Vernier is moving to intervene in order to receive reimbursement for the worker's compensation benefits paid on behalf of its injured employee pursuant to Sec.31-293 of the General Statutes. The defendant, Michigan Mutual, has filed an objection to the motion to intervene and a motion to dismiss the intervening complaint, arguing that Vernier lacks standing.
Section 31-293(a) of the General Statutes provides in relevant part that "any employer . . . having paid, or having become obligated to pay, compensation under the provisions of this chapter may bring an action against such person to recover any amount that he has paid or has become obligated to pay as compensation to the injured employee. If the employee, the employer or the custodian of the Second Injury Fund brings an action against such person, he shall immediately notify the others, in writing, by personal presentation or by registered or certified mail, of the action and of the name of the court to which the writ is returnable, and the others may join as parties plaintiff in the action within thirty days after such notification, and, if the others fail to join as parties CT Page 11491 plaintiff, their right of action against such person shall abate."
In the present case, the intervening plaintiff, Vernier, has not provided this court with information regarding its notification of the plaintiff's action against Michigan Mutual. There is nothing to show justification to the court beyond the thirty day period if notice was ever indeed given. Therefore, the motion to intervene is denied without prejudice. As a result of this ruling, the motion to dismiss the intervening complaint is moot.
Section 52-102a(a) of the General Statutes provides in pertinent part that "[a] defendant in any civil action may move the court for permission as a third-party plaintiff to serve a writ, summons and complaint upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him." "The purpose of the rule is to facilitate litigation, to save costs, to bring all of the litigants into one proceeding, and to dispose of an entire matter without the expense and labor of many suits and many trials."Murphy v. Keane, 26 Conn. Sup. 463 (1967).
However, a released defendant does not need to be brought back into a case for the purpose of determining the proportion of damages. See Camp v. Zambarano, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 027964 (May 24, 1991,Fuller, J.). The court held that in analyzing Sec. 52-572h of the General Statutes that "the percentage and amount of damages, paid by the third party plaintiffs will not increase in any way whether or not the released defendants remain in the case. The trier will still have to include any percentage of negligence attributable to the released defendants in determining the percentage of liability and share of damages of the third party plaintiffs." Id. See also Gregory v. Uberti, Superior Court, judicial district of New Haven, Docket No. 303360 (July 22, 1992,O'Keefe, J.) ("the plain meaning of 52-572h, along with the state's public policy of encouraging settlements, indicate that a released person did not have to be made a party to have the jury, or other trier of fact, determine that person's comparative responsibility").
In the present case, the plaintiff settled with Great West, the tortfeasor' s insurance company, and was, thereafter, released from liability. Yet, this will not inhibit the trier of CT Page 11492 fact's ability to determine the percentage of Michigan Mutual's own liability and damages, or if they are liable in the first place, as compared with that of Great West's. Accordingly, the defendant/third party plaintiff's motion to implead is denied.
Moraghan, J.